## TREADWAY *against* ANDREWS.

Where the plaintiff, in his *scire-facias* in a process of foreign attachment, alleged, that he brought his action of *assumpsit* against *G*, an absent and absconding debtor ; and that having recovered judgment, the sheriff, with the execution, made demand of the debtor therein named, and also made demand of the defendant of the goods of said debtor ; it was held, that from these allegations it appeared, that *G* was a debtor, and of course, the subject of recovery was a debt ; the plaintiff, therefore, shewed a title defectively stated, which was cured by verdict.

Where it was averred in the *scire-facias*, that when the service was made upon the present defendant, he had in his hands concealed the goods and effects of *G*, the defendant in the original suit, without averring, that they were so concealed that they could not be found to be attached ; it was held, this was sufficient, for the purpose of attaching such goods and effects in this process.

Where it was also averred in the *scire-facias*, that the present defendant, at the time of service upon him, was *indebted to G ;* it was held, that this was sufficient for the purpose of attaching such indebtedness in this process.

Where the original writ in the process of foreign attachment directed copies to be left with *A, B* and *C, as they, or either of them, are the trustees of G, and are indebted to him ;* it was held, that this averment, though very loose and indefinite, was sufficient, as notice to the garnishees of the purpose for which the copies were left with them, and did not render the attachment, as to the property or indebtedness, invalid.

Where it appeared, that the property of *G,* the defendant in the original suit, was, on the eve of his failure, secretly removed to the premises of the garnishee, who, from that time, held himself out to the public as the owner, and declared to the officer serving the writ upon him, that he had none of *G's* property in his possession ; it was held, that this was a concealment within the statute relating to foreign attachment, and subjected the garnishee to that process, with respect to such property, although it was accessible to the officer.

The statute having been made for the suppression of fraud, is to receive a liberal construction to effectuate that object.

*New-Haven,*
July, 1850.

Treadway
*v.*
Andrews.

THIS was a *scire-facias* in a process of foreign attachment.

The plaintiff, among other matters, alleged, that *he brought his action of assumpsit* to the superior court, against *Francis A. Gale,* by writ, demanding 1000 dollars damages, and costs of suit ; in which writ *Gale* was described as an absent and absconding debtor, out of the state, within the true intent and meaning of the statute, and therein the officer was commanded to leave true and attested copies thereof, at least fourteen days before the session of the court to which the same was made returnable, with *Salmon Andrews,* and therein averring, that *Andrews* was the attorney, agent, factor, trustee and debtor of *Gale,* and had, concealed in his hands, the goods, effects, and estate of the defendant, and was indebted to him ; in which writ the officer was commanded to summon *Andrews* to appear before the superior court, and disclose, on oath, whether he had in his hands the goods, effects or estate of *Gale,* or was indebted to him.

The plaintiff then proceeded to state, in the usual form, the service and return of the writ, the leaving of a copy with *Andrews,* the recovery of judgment by the plaintiff, the failure of *Andrews* to appear and disclose, the issuing of the execution, the demand of *Gale* and *Andrews* for payment, and for goods and effects of the debtor, and their neglect and refusal, and concluding " as by the files and records of said superior

*New-Haven,*
*July,1850.*

Treadway
*v.*
Andrews.

court and said execution with said endorsement thereon, ready in court to be produced, appears."

The cause was tried before the superior court, in *New-Haven* county, at the *January* term, 1850.

Upon the trial to the jury, upon the general issue, the plaintiff introduced in evidence the original writ of foreign attachment, in which the direction respecting the service upon *Andrews* was as follows : "And you are hereby commanded to leave a true and attested copy of this writ and process, at least fourteen days before the session of the court, to which the same is made returnable, with, or at the usual place of abode of *Russel Coe, Salmon Andrews* and *Stephen Seymour, as they, or either of them,* are the attorneys, agents, factors, trustees, and debtors of the defendant, and have concealed in their hands, the goods, effects, and estate of the defendant, and are indebted to him. And you are further commanded to summon said *Coe, Andrews* and *Seymour* to appear before said court, at the time and place first mentioned, then and there to answer and disclose on oath, whether they, or either of them, have concealed in their hands the goods, effects or estate of the defendant, or are indebted to him."

The defendant claimed, that the evidence did not sustain the allegation in the declaration. But the court told the jury, that by the service of the original writ and leaving a copy thereof with the defendant, any debt then due from the defendant to *Gale,* and any property of *Gale,* which the defendant then had concealed in his hands, was duly attached, and held liable to be applied in payment of the judgment, which the plaintiff had recovered against *Gale* in the original suit.

The defendant introduced evidence to prove, that whatever articles of personal property he had received of *Gale,* were held by him openly and publicly, so that they could be found and attached, and were not concealed by him ; and claimed, that if the jury should find, that they were so holden, the plaintiff could not, in his suit, recover the value of such articles.

The plaintiff, on the other hand, introduced evidence to prove, that on the eve of *Gale's* failure, the articles of personal property were secretly removed, by *Gale* and the defendant, from *Gale's* premises, to the premises of the defendant, a distance of about four miles ; that some of the articles were

placed in the cellar of the defendant's dwelling-house, and the residue were placed, by the defendant, in different parts of his premises, in the same manner as his own ; and that the defendant, from the time of receiving the property to the time of trial, had held himself out to the public, as the owner of the property, and denied that the same, or any part thereof, belonged to *Gale ;* and that when the sheriff called upon the defendant to serve the original writ, he informed the sheriff, that he had none of *Gale's* property in his possession, or under his controul ; and the plaintiff thereupon claimed, that the goods were concealed by the defendant, within the meaning of the statute.

New-Haven, July, 1850.

Treadway
*v.*
Andrews.

Upon these claims the court charged the jury, that if they should find the facts to be as claimed by the plaintiff, and that the defendant was holding the property as his own, under a claim that he had purchased it of *Gale,* and it was so situated that an officer would not be bound to take it, without an indemnity from the attaching creditor, it would be concealed, within the meaning of the statute, and liable to the process of foreign attachment.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial, for the misdirection of the judge, and also filed a motion in arrest of judgment, for the insufficiency of the declaration.    Both motions were reserved for the advice of this court.

*C. A. Ingersoll* and *Doolittle,* in support of the motion in arrest, contended, 1. That the *scire-facias* was insufficient. In the first place, it is not alleged in the *scire-facias,* that the plaintiff brought his original action against *Gale,* for the recovery of *a debt.*    It is, that he brought his action of *assumpsit*—not that it was for the recovery of *a debt.*    That "*assumpsit*" might have been for the breach of a contract for not building a house, &c.

Secondly, there is no allegation in the *scire-facias,* that the defendant, at the time the copy of the original writ was left with him in service, had in his hands the goods or effects of *Gale* concealed, *so that they could not be come at, to be attached, or found.*

In support of the motion for a new trial, the same counsel contended, 2. That the charge to the jury was erroneous.

*New-Haven,*
*July, 1850.*

Treadway
*v.*
Andrews.

In the first place, the *scire-facias* not alleging, that at the time the copy was left, the defendant had in his hands the goods of *Gale* concealed, so that they could not be found, or come at, to be attached, but only that the goods were in his hands, the court told the jury, that under this allegation, if in point of fact, there were goods in the hands of the defendant, concealed, &c. the plaintiff could hold them.

Secondly, the original writ of foreign attachment offered in evidence did not sustain the allegation in the *scire-facias*, that *Andrews* was described and alleged in the original writ to be the attorney, agent, factor, trustee, and debtor of *Gale.* The allegation in the original writ, is, that *Coe, Andrews,* and *Seymour, " or either of them,* are the attorneys, agents, factors, &c."; that is, that one or the other of them, are. *Wright* v. *Pond,* 10 *Conn. R.* 255.

Thirdly, the object of the law in authorizing an attachment, by this process, was, to give power to a creditor to create a lien on property of his debtor, when no such power existed, by the ordinary process of attachment. By the ordinary process of attachment, no power existed in a creditor to create a lien on property of his debtor concealed in the hands of a third person, so that it could not be come at, to be attached. Hence the power was given by this process, as it did not exist before. If the creditor has the power to reach the property, by the ordinary process, then that power should be exercised. In other words, if the property could be come at, to be attached, by reasonable diligence, then the officer was bound to attach ; and the present process will not lie, unless there be a real doubt as to the ownership of the property. The jury were told, " that if the articles were so situated, that the officer would not be bound to take them, without an indemnity from the attaching creditor," they were, in contemplation of law, *concealed.* But they were not told what facts must exist, to place the officer in this situation, when he " would not be bound to take the property without an indemnity from the attaching creditor." What will excuse him from attaching, is a question of *law.* That question of law was submitted to the jury. See *Allen* v. *Megguire* & al. 15 *Mass. R.* 490.

*Ingersoll* and *L. G. Peck,* contra, remarked, *in limine,* that

*New-Haven,*
*July, 1850.*

Treadway
*v.*
Andrews.

the statute authorizing foreign attachment, was passed in the early days of the colony, to prevent frauds even then existing ; and it has been the policy of our courts to give it such a construction as will most effectually promote that object. *Stat.* 34. (ed. 1784.) *Enos* v. *Tuttle, 3 Conn. R.* 27. *Knox v. Protection Ins. Co. 9 Conn. R.* 430.

They then contended, on the motion in arrest, 1. That the declaration sufficiently sets forth the fact, that the plaintiff was a *creditor* of *Gale.* In the first place, it would seem to be enough to say that *Gale* is described in the writ as a *debtor ;* that the action was *assumpsit,* and that the plaintiff recovered 506 dollars, 53 cents, damages. What is the meaning of the word " creditor," used in the statute ? A claim for unliquidated damages has been held to be a debt within the meaning of this statute. A person holding such a claim is therefore a " creditor." Can there be a dividing line in this action, on one side of which foreign attachment is proper, and on the other, not ? It is sufficient then to say, that the original action was *assumpsit,* and that the plaintiff recovered. *Knox* v. *Protection Insurance Co. 9 Conn. R.* 434.

Secondly, the forms approved in *Massachusetts* and *Connecticut,* show that no such allegation is necessary. *Oliver's Am. Prec.* 655. 2 *Sw. Dig.* 566. *Stat. Mass.* 1794. *ch.* 65. *Prov. Laws, Mass.* 614.

But thirdly, if the fact that the plaintiff was a creditor, was such a fact as must necessarily have been proved on the trial, by the issue joined, even if that fact was defectively or imperfectly stated, the defect is cured by verdict. 1 *Chitt. Plead.* 673. 677. *Hendrick v. Seeley, 6 Conn. R.* 176. 179, 80. *Morey* v. *Homan,* 10 *Verm. R.* 565. *Dale* v. *Dean,* 16 *Conn. R.* 579.

In this case, *profert* was made of the files and records, and the issue was such as to put the plaintiff on proof of them. By those files and the copy of the writ now on this record, it appears, that the debt was on a note due from *Gale* to the plaintiff.

2. That the original writ, with the officer's return thereon, sufficiently sustains the allegation that said *Andrews* was described and alleged in said writ to be the " agent, factor," &c. and had " concealed in his hands the goods," &c. of said

*New-Haven,*
*July, 1850.*

Treadway
*v.*
Andrews.

*Gale,* and "was indebted to him." In the first place, it is not necessary, that this should be alleged in the original writ. The statute provides merely, that a *copy of the writ be left,* &c. and "from the time of leaving such copy" all the goods, effects, &c. are secured. *Stat.* 287, 8. (ed. 1838.) And if it be not necessary to set out in the original writ, that the garnishee is " agent," &c. an allegation in the *scire-facias* that the garnishee was in such writ so designated, is mere surplusage.

Secondly, as the statute prescribes no particular form, or any form, of words, to attach goods in the hands of a garnishee, and to summon him into court,—if, on examination of the whole process, the description and notice are sufficient, it is enough. Suppose the phrase " or either of them," in the descriptive part of the process, to be of doubtful import, the summons is to " *said Coe and said Andrews, and said Seymour, to appear, &c. then and there to answer, &c. whether they,* OR EITHER OF THEM, *have concealed,*" *&c.* It is to *each one,* so as not to be mistaken ; and so relates back as to make the description certain, if it ever was doubtful.

Thirdly, but if the description in the original writ be necessary, as is claimed, and the allegation of such description in the *scire-facias,* it is here correctly done. It is the usual form of drawing writs, to direct the officer to " attach to the value, &c. the goods or estate of *A. B.* and *C. D.,* or the goods or estate of either of them." Would trespass lie, if the officer attached the goods of one ? But suppose the phrase " or either of them" is bad. The language of the writ is, in effect—as they (or either of them) are the attorneys, &c. and *as they* have concealed, &c. and *as they* are indebted, &c. This mode of supplying the ellipsis is obvious and grammatical.

Fourthly, the rules for construing grants, &c. do not apply to this case. The object aimed at in a deed, is entire certainty, as to the person or persons who shall take. On the contrary, the aim in a foreign attachment, is to hold all together, and each one separately,—all or either. A grant to *A. B.* and *C.* jointly, and to *A.* and *B.* jointly, and to *A.* and *C.* jointly, and to *A.* in his own right, &c. would be bad ; but such description would be the best possible, in a foreign attachment. *Wright* v. *Pond,* 10 *Conn. R.* 256.

3. That the judge, on the point of concealment, did not err <span>*New-Haven,*<br>July, 1850.</span> as against the defendant.  The language of the statute is, ——— " concealed so that they can not be found or come at, to be <span>Treadway<br>*v.*<br>Andrews.</span> attached."  There is a distinction made.  Goods may be " found," *i. e.* visible, so that they can be physically got at, and yet so concealed that they *can not be come at to be attached.*  The old law of *Massachusetts* was, on this point, the same as our own ; and what is sufficient under that statute, is sufficient here.  *Burlingame* v. *Bell,* 16 *Mass. R.* 318. *Swett* v. *Brown,* 5 *Pick.* 180.  *Hastings* v. *Baldwin,* 17 *Mass. R.* 557, 8.  *Howe's Pract.* 64.  *Pruden* v. *Leaven-worth,* 2 *Root,* 129.  *Starr* v. *Tracy* & al. *Id.* 528.

WAITE, J.  Two exceptions have been taken to the sufficiency of the declaration.  The first is, that it does not state, that the original action was brought for the recovery of *a debt.* The second is, that it is not averred, that the goods attached were concealed in the hands of the garnishee, *so that they could not be found to be attached.*

1.  With respect to the first exception, we do not deem it necessary to determine whether the process of foreign attachment will, or will not, lie, in all cases, where the suit is brought for the recovery of damages, arising from a breach of contract.  For we think, that, if there is any defect in the declaration, in this respect, it is cured by verdict.  The plaintiff alleges, that he brought his *action of assumpsit* against *Gale,* an absent and absconding *debtor,* within the intent and meaning of the statute ; that the sheriff, with the execution, made demand of the *debtor* therein named, and also made demand of the defendant for the goods of the *said debtor.*

These allegations imply, that *Gale* was a *debtor* in some matter, which was the proper subject of an action of *assumpsit,* and is, at most, but a title defectively stated, and therefore cured by verdict.

2.  It is averred in the declaration, that, at the time, when the service was made upon the defendant, he had in his hands *concealed,* the goods and effects of *Gale ;* but the objection is, that it is not averred, in the language of the statute, that *they could not be found to be attached.*

This, in our opinion, is not required ; nor is it in conformity with the general practice in cases of this kind.  The statute

*New-Haven,*
*July, 1850.*

Treadway
*v*
Andrews.

was made originally, for the prevention of fraud. It was passed, at an early period ; (*a*) and in the preamble, it was stated to be an act " for the better preventing fraud and deceit, sometimes designed and practiced by ill-minded debtors, who betrust their goods, estate, or effects, in the hands of others, with intent to reserve and receive the same to their own use, and thereby defeat their creditors of their just dues." *Stat.* 61. (ed. 1808.)

The statute then provided, that the creditor might attach all the goods and effects in the hands of the absconding debtor's attorney, agent, factor, or trustee, by leaving with him a copy of the writ.

Under the provisions of this act, and in conformity with the simplicity, which has ever prevailed in all our legal proceedings, the general practice has been, for the creditor to insert in his writ, in general terms, a direction, that the officer leave with the garnishee, as the attorney, agent, factor, and trustee of the defendant, a copy of the original writ.

Enough is stated, to enable the officer to understand the duty he is required to perform, and give notice to the garnishee of the purpose for which the copy is left with him. The statute then informs him of the obligations imposed upon him, by the service of the process. To these averments in the writ, he is not required to make any plea or answer. The *scire-facias,* which follows, to enforce payment, generally contains but little more than a detail of the proceedings in the former suit.

But for another reason, this exception can not prevail. The defendant is described, not only as trustee, having the goods of *Gale* in his possession, but as being *indebted* to him. A debt due from the garnishee can only be attached by this process ; and there is, consequently, no necessity for saying that it can not otherwise be attached.

The provisions of the statute having been found highly beneficial in their operation, they have been greatly extended, by recent statutes ; and yet the same simplicity of form has generally been retained in practice. The statute of 1784, authorizing the attachment of debts, as well as tangible property, renders it necessary to describe the garnishee in the

(*a*) In *May,* 1726.

original writ, as being indebted to the original defendant, in order to inform him, that the debt, as well as the property in his hands, has been attached.

The defendant in this case having been described as a debtor of *Gale*, the attachment of the debt is good, even if it should be invalid as to the personal property; and consequently, the motion in arrest, upon this ground, can not prevail.

A new trial is also claimed for an alleged misdirection given to the jury in the court below.

Upon the trial, the plaintiff offered in evidence the original writ of foreign attachment. The defendant claimed, that it did not support the allegation in the declaration, as to the defendant's being a garnishee.

The writ directed copies to be left with the defendant, *Russel Coe* and *Stephen Seymour, as they, or either of them,* are the attorneys, agents, factors and trustees of *Gale,* and are indebted to him. This averment is certainly very loose and indefinite, and most carelessly expressed, and in a declaration or plea, could not stand for a moment.

But if, as we have already said, such an averment is to be treated, as notice to the garnishees, of the purpose for which the copies were left with them, and to which they were neither called upon to plead nor make answer, we are inclined to say, although not without much hesitation, that it may be deemed sufficient for that purpose; especially, when taken in connexion with the subsequent direction requiring them to appear before the court, and disclose on oath, whether *they, or either of them,* had, in their hands, the goods of *Gale,* or were indebted to him.

The charge of the court, that the attachment of the property in the hands of the defendant, and of the debt due from him, was not invalid, by reason of that defect, we are inclined to think, was not erroneous.

It is finally claimed, that the charge of the court in relation to the concealment of the property, was wrong.

The plaintiff offered evidence to prove, that on the eve of *Gale's* failure, the property was secretly removed to the defendant's premises; and from that time, the defendant held himself out to the public, as the owner; that when the sheriff called upon him, to serve the writ, he informed the officer,

that he had none of *Gale's* property in his possession.   This, in our opinion, was such a concealment, as within a reasonable construction of the statute, entitled the plaintiff to his writ of foreign attachment, and gave him a right to attach the goods in the defendant's hands, although they might have been accessible to the officer.

The statute, having been made for the suppression of fraud, has always received a liberal construction.   *Cole* v. *Wooster,* 2 *Conn. R.* 203.   *Enos* v. *Tuttle,* 3 *Conn. R.* 27. *Starr* v. *Carrington, Id.* 278.   *Gager* v. *Watson,* 11 *Conn. R.* 168.

Thus, while the body of a debtor was liable to imprisonment, and the goods of an absent and absconding debtor only could be attached, it was holden, that a debtor who had intentionally concealed himself from his creditors, or had withdrawn himself from the reach of their suits, with intent to frustrate their demands, was an absent and absconding debtor within the meaning of the statute.   *Fitch* v. *Waite,* 5 *Conn. R.* 121.

So a person, who holds himself out to the world as the owner of the goods of another, declaring them to be his own, ought to be estopped from saying that they were not concealed in his hands, and so concealed as to be liable to be attached, by process of foreign attachment.

We therefore advise the superior court to deny the motion for a new trial, and render judgment for the plaintiff.

In this opinion the other Judges concurred.

Motion in arrest overruled.

New trial not to be granted.