ELIZABETH CSAKANY *v.* JAMES P. TAKACS ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued May 1—decided June 19, 1956

*Benjamin H. Gilman,* for the appellant (plaintiff).

*Daniel H. Cotter,* for the appellees (defendants).

INGLIS, C. J. The defendants in this action applied to the Superior Court for an order directing that the lien of an attachment be released on two of three parcels of real estate attached, on the ground that the attachment was excessive. The

plaintiff filed a motion to dismiss the application, alleging that the court was without jurisdiction to grant it. She also moved to expunge the application or to strike out the various paragraphs of it. The motions to dismiss and to expunge were denied. The motion to strike out was granted in part and denied in part. Thereafter, the court ordered a release of the attachment on the first and third parcels under attachment. From that order the plaintiff has appealed, claiming error in the denial of her motions to dismiss and to expunge, in the denial in part of her motion to strike out, and in ordering the release of the attachment.

The plaintiff's claim that her motion to dismiss should have been granted and the application dismissed for lack of jurisdiction of the court to entertain it is based on the fact that the application alleges that the attachment sought to be released was wrongful and unauthorized.

The application contained the following allegations: This action was brought by the plaintiff to foreclose a chattel mortgage (which, as the complaint discloses, was given by the defendants to secure their joint and several promissory note to the plaintiff for $10,000) on which a balance of $5000 was due. On November 2, 1955, the court, *Phillips, J.,* entered an order for attachment in the amount of $6500. Upon the authority of that order three pieces of real property were attached. The values of the defendants' equities in those properties were (as the plaintiff concedes) $12,500 for the first piece, about $15,000 for the second, and at least $10,000 for the third. The attachments were excessive, "were made contrary to the limit of the order of Court," were part of the plaintiff's plan to annoy [and] harass . . . the defendants," and "con-

stitute an abuse of the plaintiff's rights to the process of legal attachments."

The statute under which the application was made and the order entered was § 3198d of the 1955 Cumulative Supplement. It reads in part: "Discharge of excessive attachment. If [the] judge or court shall find that the value of the property attached . . . so far exceeds the apparent claim of the plaintiff as to render the attachment excessive, he or it shall order the release of so much of the property as is not required to secure the payment of the claim and costs . . . ." It is, of course, true that a judge or court has no power to order the release of property from the lien of an attachment except as its release is authorized by this statute. *Sachs* v. *Nussenbaum,* 92 Conn. 682, 687, 104 A. 393; *D'Andrea* v. *Rende,* 123 Conn. 377, 380, 195 A. 741. The statute does not authorize the release of an attachment simply because it is wrongful in the sense that it is an abuse of process or simply because it is unauthorized in the sense that it has not been made in accordance with law. For a wrongful or unauthorized attachment, a defendant has other remedies. This statute empowers a judge or the court to order a release of specific property from the lien of an attachment only in the event that the value of all of the property attached "so far exceeds the apparent claim of the plaintiff as to render the attachment excessive."

Although it is true that the application for release alleges that the attachment in question was wrongful and unauthorized, it also is true that it alleges that the attachment was excessive. The latter allegation brings the application within the provisions of the statute. The contention of the plaintiff that the statute authorized the release of

personal property only and not of real estate has no merit. Consequently, it was within the jurisdiction of the court to order a release of the attachment on some of the property under attachment. The motion to dismiss the application for want of jurisdiction was properly denied.

The court's denial of the plaintiff's motion to expunge and its refusal to strike out various paragraphs of the application were also correct.

The remaining assignment of error to the effect that the court erred in ordering a release of the attachment on the first and third parcels because the title to the second parcel was in only one of the defendants raises an issue upon which, in the state of the record, we are not in a position to pass. The record does not contain any finding of facts, and so far as appears such a finding was not requested. Accordingly, we are not informed whether the title to the second parcel was in only one of the defendants. Lacking a finding on that subject, we cannot say that the court erred in entering the order.

There is no error.

In this opinion the other judges concurred.