WINFIELD S. CLIME *v.* KARL GREGOR

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued January 14—decided January 28, 1958

*Joseph Neiman,* for the plaintiff (appellant).

*Dennis P. O'Connor,* with whom was *John W. Joy,* for the appellee (defendant).

MURPHY, J.   The plaintiff sued the defendant on an outstanding judgment in an action returned to the City and Police Court of Hartford.  He obtained an order for further attachment and garnished William B. Lyons, against whom the defendant had recovered a substantial verdict, and Lyons' insurance carrier. The officer's return on the supplemental attachment showed no disclosure by Lyons and disclosure of an indebtedness by the insurance company to the defendant of $3500.   Thereafter, on October 21, 1955, the plaintiff obtained judgment upon default against the defendant for damages of $364.57 and costs of suit.   Execution upon the judgment was issued by the court on December 1, 1955.   A motion to release the attachments and garnishments made under the order for further attachment was filed by the defendant, who alleged therein that on the date of garnishment neither of the garnishees was indebted to

him. The motion to release was granted, and a supplemental judgment was entered on May 14, 1956. A motion to reargue was denied on May 29, 1956. The plaintiff thereupon appealed to this court from the supplemental judgment.

The sole question before this court is whether the lower court had the power or authority to vacate and release the garnishments which had been made under the order for further attachment. The validity of the garnishments and the merit of the claim, advanced in the defendant's brief, that neither Lyons nor his insurer was indebted to the defendant at the time of the garnishments and disclosure are matters that are not germane to the appeal. Nor should they have been determined in the lower court on a motion to release.

Upon the rendition of the verdict against Lyons, the present defendant became legally entitled to have judgment rendered on it. *Ireland* v. *Connecticut Co.*, 112 Conn. 452, 453, 152 A. 614. Unless a verdict is set aside, judgment is entered as a matter of course and interest runs from the date of verdict. General Statutes §§ 7974, 8092. The insurance company became absolutely liable when Lyons was held legally responsible. General Statutes § 6191. Any debt due to the defendant from either Lyons or the insurance company at the time of service was secured in his or its hands to pay any judgment the plaintiff might recover. General Statutes § 8074. *Cunningham Lumber Co.* v. *New York, N.H. & H.R. Co.*, 77 Conn. 628, 629, 60 A. 107.

The right to attach visible or invisible property is created by statute. *Barber* v. *Morgan,* 84 Conn. 618, 622, 80 A. 791. No judge or court has the power to order the release of property from the lien of an attachment unless its release is authorized by statute.

*Csakany* v. *Takacs,* 143 Conn. 485, 487, 123 A.2d 764. An attachment may be dissolved upon the substitution of a bond; Cum. Sup. 1955, § 3196d; and so much of an attachment as is excessive may be released. § 3198d. No statute in this state provides for the release of a garnishment for any other reason, let alone those alleged by this defendant. The lower court exceeded its power when it granted the motion to release the attachments and garnishments and entered the supplemental judgment.

If the garnishee is not liable under the garnishment, that fact can be determined by proper judicial process under General Statutes § 8125, which provides for a writ of scire facias. *Cunningham Lumber Co.* v. *New York, N.H. & H.R. Co.,* supra, 630; *Parker, Peebles & Knox* v. *El Saieh,* 107 Conn. 545, 561, 141 A. 884.

There is error, the supplemental judgment is set aside and the case is remanded with direction to deny the motion to release the attachments and garnishments.

In this opinion the other judges concurred.