NELSON HARRIS *v.* CARL BARONE, ADMINISTRATOR
(ESTATE OF ASSUNTA BARONE)

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Submitted on briefs January 8—decided March 15, 1960

*Joseph R. Apter,* on the brief for the appellant
(plaintiff).

*Irvin W. Abkowitz,* on the brief for the appellee
(defendant).

MURPHY, J.  The plaintiff sued the defendant to
recover for legal services rendered to him as ad-
ministrator of his decedent's estate.  General Stat-
utes § 52-202.  The defendant filed a motion to dis-
solve a garnishment by the plaintiff of funds al-
legedly due the estate in compromise of a suit to
recover for the wrongful death of the decedent.  The
defendant claimed that the garnishment was illegal
and void.  The court granted the motion, and the
plaintiff has appealed.  The sole question for de-

termination is whether the court had any authority to enter the order dissolving the garnishment.

The right to attach property on mesne process is created and regulated by statute. Proceedings to release or dissolve an attachment are likewise governed by statute, and in the absence of specific statutory authority no tribunal can order the release of property from the lien of an attachment. *Potter* v. *Appleby,* 136 Conn. 641, 644, 73 A.2d 819; *Csakany* v. *Takacs,* 143 Conn. 485, 487, 123 A.2d 764; *Clime* v. *Gregor,* 145 Conn. 74, 76, 138 A.2d 794. An attachment, including a garnishment, may be dissolved upon the substitution of a bond. General Statutes § 52-304. No statute authorizes the release of an attachment because it is wrongful or unauthorized. Other remedies are provided in such cases. *Csakany* v. *Takacs,* supra. The court was without legal authority to enter its order.

Whether the garnishment is wrongful or constitutes an abuse of process is not properly raised. We do no more than hold that the trial court could not grant the motion. Because delay in the settlement of an estate in probate has been occasioned, we point out that the damages recovered for injuries resulting in death constitute a special trust which can only be used to meet the charges to which § 45-280 of the General Statutes subjects it. *State* v. *Cambria,* 137 Conn. 604, 609, 80 A.2d 516; *Uva* v. *Alonzy,* 116 Conn. 91, 95, 163 A. 612. While the right to bring suit for wrongful death is in the administrator, he does not act in his true capacity as administrator for the benefit of the estate but as agent or trustee for those beneficially interested. *Reilly* v. *Antonio Pepe Co.,* 108 Conn. 436, 448, 143 A. 568; 16 Am. Jur. 186, § 266. The proceeds do not become general assets of the estate. *State* v. *Cambria,* supra, 610. Whether

the present impasse could be resolved in an action in the nature of interpleader under § 52-484 is a question not before us.

There is error, the order is set aside and the case is remanded with direction to deny the motion to dissolve the foreign attachment.

In this opinion the other judges concurred.