STATE OF CONNECTICUT *v.* HELEN COSENZO ET AL.

CIRCUIT COURT

EIGHTH CIRCUIT
FILE No. CV 8-664-4594

Memorandum filed September 1, 1967

*Harold M. Mulvey,* attorney general, and *Richard E. Rapuano,* assistant attorney general, for the state.

*Frank Raccio,* of New Haven, for the defendants.

MACDONALD, J.    Certain facts are undisputed. During his lifetime Henry T. Griscti of Branford received old age assistance from the state of Connecticut.    He died on May 6, 1960, and letters of administration were thereafter granted to the defendant Helen Cosenzo.  The state, acting through the welfare commissioner, presented a timely claim against this decedent's estate to Helen Cosenzo as administratrix, in the amount of $2666.28, representing the net amounts paid to or expended for the decedent during his lifetime.  The claim was received but was never acknowledged as valid, nor was it denied.  The estate has been settled, and certain cash amounts have been paid out to heirs at law, one of whom was Helen Cosenzo individually.

It is further admitted that the sole asset of this estate consisted of the cash proceeds collected as the result of a certain action for damages resulting from alleged negligence, instituted in the Superior Court in New Haven County; *Cosenzo v. S. S. Kresge Co.,* No. 90461; of which this court may take judicial notice.  Holden & Daly, Conn. Evidence § 25, p. 46.  In his lifetime, the decedent Henry Griscti apparently slipped and fell on the floor of a store owned and operated by S. S. Kresge Company, Inc.,

and located in New Haven. He was the original plaintiff and, following his death, the defendant in the instant action, Helen Cosenzo, was substituted as plaintiff administratrix. After his death, a settlement of the claim was effected in the amount of $10,000, which proceeds of settlement constituted the sole asset of the estate. The judgment of the Superior Court was entered pursuant to a stipulation of all parties, a copy of which stipulation has been made part of this record by agreement of counsel and which recites, inter alia, that "judgment may enter in behalf of the plaintiff to recover of the defendant the sum of $10,000, plus costs of judgment fee." It is dated June 27, 1961.

In support of their motion for summary judgment, the defendants, Helen Cosenzo, individually, and Helen Cosenzo as administratrix, contend that the state has no valid claim against the estate in that its only asset consisted of cash proceeds received in settlement of a wrongful death action. Implicit in this contention is the claim that the Superior Court record conclusively shows just this —and no more. The defendants rely on General Statutes § 45-280, which provides pertinently: "All damages recovered for injuries resulting in death, which death occurred before October 1, 1961, after payment of the costs and expenses of suit, all expenses of last illness and all funeral bills, the expenses of administration and such amount for the support of the surviving spouse or family of the deceased during the settlement of the estate as the court of probate may allow, shall be distributed in accordance with the law concerning the distribution of intestate personal estate. . . ." The cogent argument of the defendants is that as a matter of law the state cannot prevail, since this statute does not specifically mention or refer to old age benefits or public funds.

The law of this state is in accord with the arguments advanced by the defendants. The theory underlying our decisions is that in such a situation an administrator of an estate is not an ordinary fiduciary but administers the proceeds of a recovery in a wrongful death action as a trust and must not, and cannot, use such proceeds for any purpose except as expressly authorized by the statute. No charges except those explicitly authorized by the statute may be paid. *State* v. *Cambria,* 137 Conn. 604; *Harris* v. *Barone,* 147 Conn. 233; *Foran* v. *Carangelo,* 153 Conn. 356.

In its opposing affidavit, the state has set forth a certified copy of the death record of Henry Thomas Griscti as on file with the state department of health. Cf. General Statutes §§ 7-42, 52-165; Holden & Daly, Conn. Evidence § 87, p. 338. The argument of the state is, simply stated, that the death record raises an issue of fact under the apposite language of § 45-280: "All damages recovered for injuries resulting in death . . . ." Did the particular injuries sustained by the decedent result in his death? Certainly, at the outset the litigation did not involve an action for damages for wrongful death. Certain also is it that Henry Griscti died pendente lite and thereafter his administratrix effected settlement of the pending claim. It is logical to conclude that there exists and remains in the present case in this court a genuine issue of fact. The prior judgment of the Superior Court is not conclusive as it now stands upon the record of this court. Holden & Daly, op. cit. § 87, p. 351.

Suffice it to say that where a genuine issue or issues of fact or facts appear on the face of the affidavits with reference to the pleadings, a motion for summary judgment must be denied. Practice Book § 303; Stephenson, Conn. Civ. Proc. § 131

(particularly § 131c, p. 215) (Sup. 1966). On a motion for summary judgment, issue-finding rather than issue-determination is the key to the procedure. The defendants are not at this time entitled to judgment as a matter of law.

The motion for summary judgment is denied. An order will enter accordingly.