MICHAEL'S JEWELERS *v.* EDWINA HANDY

FILE NO. CV 6-695-41307

FIELD ENTERPRISES EDUCATIONAL CORPORATION *v.*
EDWINA HANDY

FILE NO. CV 6-695-41306

APPELLATE DIVISION OF THE CIRCUIT COURT

Argued October 6—decided November 21, 1969

*John R. Williams,* of New Haven, for the appellant (defendant).

*Max F. Brunswick,* of New Haven, for the appellees (plaintiffs).

KOSICKI, J. Each of these two causes of action was brought on a separate complaint, followed by a substituted complaint, for money alleged to be owing by the defendant, and each plaintiff placed a foreign attachment or garnishment on the defendant's checking account in the Tradesmens National Bank of

New Haven. The foreign attachment was made pursuant to General Statutes § 52-329.[1]

Attorney John R. Williams filed a special appearance for the defendant. Above his signature were typed the words "appearing specially and solely for the purpose of pleading to the jurisdiction of the Court." A plea in abatement was filed with the court at the same time. While the plea was pending, Attorney Williams filed a "motion for injunction," seeking to have the attachment released on the ground that it constituted a taking of the defendant's property without due process of law in violation of the fourteenth amendment to the constitution of the United States. After hearing, the trial court overruled the plea in abatement and denied the motion for injunctive relief.

The defendant has appealed solely from the court's decision on her motion for an injunction. The defendant did not plead to the issues of fact raised by the complaint in each case, and no finding was requested or made. The only assignment of error is directed to the court's refusal to grant the injunction prayed for. The plaintiff in each case has moved to dismiss the appeal because there had been no final decision or action from which an appeal will lie;

[1] "Sec. 52-329. PROCESS OF FOREIGN ATTACHMENT. When the effects of the defendant in any civil action in which a judgment or decree for the payment of money may be rendered are concealed in the hands of his agent or trustee so that they cannot be found or attached, or when a debt is due from any person to such defendant, . . . the plaintiff may insert in his writ a direction to the officer to leave a true and attested copy thereof and of the accompanying complaint, at least . . . six days in the case of the circuit court, before the session of the court to which it is returnable, with such agent, trustee or debtor of the defendant, . . . or at the usual place of abode of such garnishee; and from the time of leaving such copy all the effects of the defendant in the hands of any such garnishee, and any debt due from any such garnishee to the defendant, and any debt, . . . not exempt from execution, shall be secured in the hands of such garnishee to pay such judgment as the plaintiff may recover."

General Statutes § 51-265;[2] and because the defendant has failed to enter a general appearance, although the court had decided on the plea in abatement that it had jurisdiction over the original suit. That ruling is not questioned. The present motion to dismiss is the only matter before us for decision.

No issue has been raised as to whether the "motion for an injunction" complies with our statutes and rules of practice; General Statutes §§ 52-471 to 52-475; Practice Book, Form 345; although it clearly appears on the face of the motion for injunction that, in addition to the plaintiff, it seeks to enjoin the garnishee, which is not a party to the action except incidentally as garnishee of money owing to the defendant. We shall treat this matter as the parties have done and dismiss from further consideration the foregoing observation concerning procedural insufficiency.

In her assignment of error and argument, the defendant's main thrust is that the "prejudgment" garnishment does not satisfy due process requirements in that the garnishment was imposed without prior notice to and hearing of the defendant. By analogy, she relies almost exclusively on *Sniadach* v. *Family Finance Corporation*, 395 U.S. 337. In that case, the petitioner's wages had been garnished under a Wisconsin statute on a complaint alleging a claim of $420 due the respondent on a promissory note. The garnishee disclosed that it had wages of $68.18 under its control and unpaid and that it would pay one-half to the petitioner as a subsistence allowance, in accordance with the statute, and hold the other half subject to the order of the court. The Wisconsin

[2] "Sec. 51-265. APPEALS TO APPELLATE SESSION . . . . Appeals from any final judgment or action of the circuit court . . . shall be taken to an appellate session of such court within fourteen days after the entry of judgment or of the findings of fact and conclusions of law, whichever is later, and shall be by way of review of errors of law. . . ."

Supreme Court sustained the lower state court in approving this procedure. The Supreme Court of the United States held that the Wisconsin statute violated the fundamental principles of due process, and, in reversing the Wisconsin decision, said (p. 340): "A procedural rule that may satisfy due process for attachments in general, see *McKay* v. *McInnes,* 279 U.S. 820, does not necessarily satisfy procedural due process in every case. . . . We deal here with wages—a specialized type of property presenting distinct problems in our economic system." The court said further (p. 341): "The result is that a prejudgment garnishment of the Wisconsin type may as a practical matter drive a wage-earning family to the wall."

The rationale in the *Sniadach* case is not applicable in the situation under review. The garnishment of one's bank account is not the attachment of one's wages. The distinction is made clear in our statutes. Wages cannot be attached in Connecticut. They can be taken only upon execution after judgment and only to the extent of a certain proportion of the earnings, as fixed by statute. General Statutes § 52-361.

The garnishment of one's bank account by a process of foreign attachment, pursuant to § 52-329, is not the attachment of wages. The procedural rule in Connecticut for prejudgment garnishment of a debtor's bank account satisfies due process requirements. See *McInnes* v. *McKay,* 127 Me. 110, aff'd per curiam, 279 U.S. 820, on the authority of *Ownbey* v. *Morgan,* 256 U.S. 94, and *Coffin Bros. & Co.* v. *Bennett,* 277 U.S. 29; see also *Shell Oil Co.* v. *Milne,* 127 Vt. 249; *People ex rel. Pennsylvania R. Co.* v. *Illinois Commerce Commission,* 40 Ill. 2d 58; *Schillaci* v. *Olesen,* 161 F. Sup. 227, 230.

In a very early case, *Treadway* v. *Andrews,* 20 Conn. 384 (1850), which was in scire facias for the

purpose of enforcing a foreign attachment in an assumpsit action on a debt, our Supreme Court held (p. 393) that a debt from a garnishee due the defendant in the assumpsit action could only be attached by that process of foreign attachment, as was done in the present case. That is still the law. The action of the trial court in denying injunctive relief was not in error. "The right to attach property on mesne process is created and regulated by statute. Proceedings to release or dissolve an attachment are likewise governed by statute, and in the absence of specific statutory authority no tribunal can order the release of property from the lien of an attachment. . . . The court was without legal authority to enter its order." *Harris* v. *Barone,* 147 Conn. 233, 234. "The due process clause does not guarantee to a citizen of a State any particular form or method of state procedure. Its requirements are satisfied if he has reasonable notice, and reasonable opportunity to be heard and to present his claim or defence, due regard being had to the nature of the proceedings and the character of the rights which may be affected by it." *Missouri ex rel. Hurwitz* v. *North,* 271 U.S. 40, 42.

Since the court was without authority to entertain the injunctive relief desired, there could have been no final action from which an appeal to this court would lie. An appeal lies only from a final judgment or action on a question of law which puts a litigant out of court or deprives him of the remedy sought in the pending suit. General Statutes § 51-265. See such cases as *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 374; *Ostroski* v. *Ostroski,* 135 Conn. 509; *Olcott* v. *Pendleton,* 128 Conn. 292; *State* v. *Kemp,* 124 Conn. 639, 646; *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307; *Sachs* v. *Nussenbaum,* 92 Conn. 682, 685.

We need not consider the claim of the plaintiffs that by failure to enter a general appearance the defendant cannot proceed further in this court or in the trial court, in which the original case is still pending. That is a matter which may be left to the determination of the trial court. See *Surveyors, Inc.* v. *Berger Bros. Co.,* 9 Conn. Sup. 275.

The motion to dismiss the appeal is granted, and further proceedings are directed in accordance with law.

In this. opinion DEARINGTON and KINMONTH, Js., concurred.

