TOWN RADIO AND TELEVISION, INC. *v*. RICHARD KILPATRICK

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 2-703-74451

Argued December 7—decided December 24, 1970

*Thomas N. Moore,* of Bridgeport, for the appellant (plaintiff).

*J. Roger Shull,* of Bridgeport, for the appellee (defendant).

PER CURIAM. This action was for a debt, and the plaintiff made a garnishment of the defendant's receivables to which the defendant posted a bond for release. Thereafter, the plaintiff recorded a mechanic's lien based on facts in common with the debt action. The defendant made a motion, in this action on a debt, asking for an order directing the plaintiff to release its lien, which motion was granted by the court, and it is from the granting of this motion that the plaintiff appeals.

Section 49-37 of the General Statutes provides for dissolution of mechanic's liens, and § 52-326 provides for the discharge of invalid liens under § 49-51 by making §§ 52-322, 52-323 and 52-324 applicable, mutatis mutandis. These sections deal with the discharge of attachments and do not provide for the procedure used by the defendant. A judge or court has no power to order the release of property from a lien except as its release is authorized by statute. *Sachs* v. *Nussenbaum*, 92 Conn. 682, 687. The statute does not authorize the release of a lien simply because it is wrongful in the sense that it is an abuse of process, or simply because it is unauthorized in the sense that it has not been made in accordance with law. For a wrongful or unauthorized attachment, a defendant has other remedies. *Csakany* v. *Takacs*, 143 Conn. 485, 487. The court exceeded its power when it granted the motion to release the lien.

It follows, therefore, that the trial court had no jurisdiction to hear the motion. The question of jurisdiction may be raised suo motu by this court. *Hoberman* v. *Lake of Isles, Inc.*, 138 Conn. 573, 574. If the filing of the lien was wrongful, the defendant had other remedies which he could pursue.

There is error, the order of the court is set aside and the court is directed to render judgment dismissing the motion for discharge of the mechanic's lien for lack of jurisdiction.

DiCenzo, Casale and Kinmonth, Js., participated in this decision.