The genesis of this appeal is a complaint filed by the plaintiff against the defendant seeking reimbursement for public assistance rendered in excess of $5781.82. Attached to the complaint *Page 539 
was a writ of garnishment or foreign attachment on the American Mutual Insurance Company which was served on it on April 12, 1971. On November 9, 1971, the defendant filed a motion to release this garnishment on the ground that the funds attached "are compensation for personal injury received during the course of his employment and therefore are not attachable." Upon a hearing held, the trial court filed a memorandum of decision discussing §§ 17-83e and 17-83f of the General Statutes and concluding that the attachment of the workmen's compensation funds was invalid. It thereupon ordered the attachment released. The plaintiff has appealed from this order.
This court recognizes that the issue as presented to the trial court, on the defendant's motion to dissolve the garnishment, did not involve a claim on the part of the plaintiff that the trial court lacked jurisdiction over the subject matter and therefore could not properly order the garnishment released. The plaintiff's appeal brief, however, raises this specification as a legal issue. This court must decide whether the trial court did have the authority exercised.Crouchley v. Pambianchi, 149 Conn. 512,515. "Jurisdiction must exist in three particulars: the subject matter of the case, the parties, and the process." Brown v. Cato, 147 Conn. 418, 422. In the instant situation, only jurisdiction of the subject matter is in issue.
Proper jurisdiction of the subject matter in this case involves the authority of the trial court to dissolve a garnishment which had been duly served upon the garnishee in accordance with the statute.Gannon v. Sanders, 157 Conn. 1. Lack of jurisdiction, whether of subject matter or person, "may be noticed at any time, whether or not it is raised by the parties.... It cannot be waived by the silence of the parties." Simmons v. State, 160 Conn. 492, *Page 540 
503. As the court points out in Reed v. Reincke,155 Conn. 591, 598, "[j]urisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong.... It is a matter of law and can be neither waived nor conferred by consent...."
Even though we accept the fact that the claim of lack of jurisdiction of the trial court over the subject matter is first raised in the brief of the plaintiff filed in the instant appeal, if the trial court lacked jurisdiction over the subject matter this court similarly lacks jurisdiction and may act on its own motion to dismiss.
A number of decisions of our Supreme Court make abundantly clear the special statutory nature of the attachment procedure and its legal effect. As is succinctly stated in Clime v. Gregor, 145 Conn. 74,76, "[n]o judge or court has the power to order the release of property from the lien of attachment unless its release is authorized by statute." An attachment may be dissolved upon substitution of a bond, and so much of an attachment as is found to be excessive may be released. Otherwise, as Clime v.Gregor, supra, 77, points out, "[n]o statute in this state provides for the release of a garnishment for any other reason.... If the garnishee is not liable under the garnishment, that fact can be determined by proper judicial process under General Statutes... [§ 52-381] which provides for a writ of scire facias." This same legal principle is reiterated inHarris v. Barone, 147 Conn. 233, 234, and the earlier cases of Potter v. Appleby, 136 Conn. 641, 644, andCsakany v. Takacs, 143 Conn. 485, 487, are of similar import. The opinion in the recent case of Ravitch
v. Stollman Poultry Farms, Inc., 162 Conn. 26, dealt with an aborted attempted of a state referee, exercising the power of a Superior Court judge, partially to release a statutory lis pendens under the claimed *Page 541 
equity power of that court. It states (p. 35) that, in ordering the dissolution of an attachment, a judge has "no power to test the legal sufficiency of the complaint or to weigh the chances for the plaintiff's recovery of his claim," citing Clime v. Gregor andCsakany v. Takacs, supra.
This court must conclude, therefore, that the trial court "was without legal authority to enter its order." Harris v. Barone, supra.
 This court finds that the trial court was in error in ordering the release of the garnishment. The case is hereby remanded for further proceedings not inconsistent with this opinion.
MIGNONE, O'BRIEN and MISSAL, JS., participated in this decision.