The defendant filed an application for the discharge of an excessive attachment in which he stated that the plaintiff had attachment the defendant's bank account and several tracts of land. The defendant sought "an order releasing all of the property attached or an order releasing so much of the property attached as is not required to secure Judgment on the apparent claim of the Plaintiff." The defendant's application contained a statement that the bank account contained a balance of $1600, which was the amount of the plaintiff's ad damnum clause in his complaint against the defendant. The defendant sought an order pursuant to § 52-279 of the General Statutes to release the real estate and "that the amount of the attachment upon the bank account of the defendant with the Union Trust Company, Greenwich, Connecticut, in excess of the sum of One Thousand Six Hundred (1,600.00) Dollars shall be vacated and shall be reduced to the sum of $ or" that the entire attachment upon the property of the defendant shall be forthwith released.
Prejudgment attachments and garnishments are made pursuant to statute and can only be released in accordance with statutory enactments. Harris v.Barone, 147 Conn. 233; Sachs v. Nussenbaum,92 Conn. 682, 687; see Ravitch v. Stollman PoultryFarms, Inc., 162 Conn. 26, 35.
At the hearing on the defendant's application, the record discloses that the plaintiff's attorney delivered a release of the attachment of the real estate in question to the defendant and thereafter the court, after hearing, denied the defendant's application. From the order of the court denying his application the defendant appealed to this court. In *Page 543 
his appeal, the defendant contended that the action of the trial court in denying his application was erroneous, and he has attacked Connecticut's prejudgment attachment and garnishment statutes as unconstitutional in that they have deprived him of his property without due process of law.
The Appellate Division of the Circuit Court, inMichael's Jewelers v. Handy, 6 Conn. Cir. Ct. 103, held that the procedural rule in Connecticut for prejudgment garnishment of a debtor's bank account satisfies due process requirements. It distinguished the garnishment of one's bank account from the attachment of one's wages. The latter was held improper in Sniadach v. Family Finance Corporation,395 U.S. 337, for failure to provide notice and hearing. The ruling relative to the former has been seriously undermined by the decision of the United States Supreme Court in Fuentes v. Shevin,407 U.S. 67, despite the fact that Fuentes and its companion cases concerned replevin statutes in Florida and Pennsylvania.
Although we are not unaware of the recent litigation attacking, on due process grounds, the Connecticut prejudgment attachment statute permitting the attachment of personal property without prior hearing or judicial order; Lynch v. Household FinanceCorporation, 405 U.S. 538; and of the decision in Sniadach v. Family Finance Corporation,
supra, holding that prejudgment attachment of wages without prior hearing was violative of due process constitutional rights, as well as of Fuentes
v. Shevin, supra, it appears that the instant claim of the defendant raises a moot question, inasmuch as he secured all that he sought. He received the release of the attachment of the real estate voluntarily from the plaintiff, without the necessity of an order of the court, and if the court had granted his application *Page 544 
to reduce the garnishment to $1600, as requested, instead of denying it, the result would have been the same. Under these circumstances, we feel constrained to take no further action in the matter.
 Appeal dismissed.
O'BRIEN, MISSAL and HAMILL, JS., participated in this decision.