**Dorothy LYNCH, on behalf of herself and all other persons similarly situated, Plaintiff,**

v.

**HOUSEHOLD FINANCE CORPORATION et al., Defendants.**

**Civ. A. No. 13737.**

United States District Court, D. Connecticut.

Jan. 12, 1973.

Allen Sims, William H. Clendenen, Jr., David M. Lesser, and Kenneth R. Kreiling, New Haven, Conn., for plaintiff.

Joseph D. Garrison, New Haven, Conn., for Chas. Grice, Jr.

Richard G. Bell, Charles A. Pulaski, Jr., Tyler, Cooper, Grant, Bowerman & Keefe, New Haven, Conn., for J. Friedler, H.F.C. and Goldman.

Mary R. Hennessey, Neal Ossen and Robert M. Dombroff, Hartford, Conn., for Mariallo Giraldo.

Robert Frederic Ludgin, Hartford, Conn., for Putnam Furniture Leasing Co., Inc.

Irving H. Rosenthal, Hartford, Conn., for Samuel and Petrona Jones.

David Brown, Solomon & Brown, Meriden, Conn., for Nutme Airways Corp.

Mark S. Shipman, Jay M. Starr, Schatz & Schatz, Hartford, Conn., for Northeast Helicopter Inc.

Raphael Korff, Bridgeport, Conn., for Nina Derma.

Roger M. Sullivan, Branford, Conn., for Westport Wig Co., Inc.

Peter M. Ryan, Joseph J. Rucci, Jr., McAnerney, Ryan & Millar, Darien, Conn., for John E. Bell and Ruth Z. Bell.

Gerald W. Brownstein, New Haven, Conn., amicus curiae, o/b/o The Commercial Law League of America.

Before ANDERSON and TIMBERS, Circuit Judges, and ZAMPANO, District Judge.

### MEMORANDUM OF DECISION, FINDINGS OF FACT AND CONCLUSIONS OF LAW

ANDERSON, Circuit Judge:

This class action challenges, on due process grounds, the constitutionality of the Connecticut pre-judgment foreign attachment or garnishment statute, Conn. Gen.St. § 52–329.[1] Jurisdiction is based

---

1. Conn.Gen.St. § 52–329 reads as follows:
 "When the effects of the defendant in any civil action in which a judgment or decree for the payment of money may be rendered are concealed in the hands of his agent or trustee so that they cannot be found or attached, or when a debt is due from any person to such defend-

upon 42 U.S.C. § 1983, 28 U.S.C. § 1343, and a three-judge District Court has been convened pursuant to 28 U.S.C. §§ 2281, 2284.[2]

 There is no factual dispute. The plaintiff, Dorothy Lynch, represents a class of persons, natural or otherwise, who are subject to Connecticut in personam jurisdiction and who have debts owing to them currently being garnished prior to judgment pursuant to § 52–329. The defendant, Household Finance Corporation, represents a class of persons who have garnished debts owing to the plaintiff class pursuant to § 52–329.[3]

Garnishment under the present Connecticut statutory scheme is simple. In bringing any action for money damages, the plaintiff need only insert in the writ a direction to the sheriff or constable to serve a copy of it upon any person indebted to the defendant or holding his goods. Once this is done, the goods or debt is secured in the garnishee's hands for payment of any judgment which the plaintiff might recover.

All of this takes place solely on the authority of the plaintiff's attorney as a Commissioner of the Superior Court, and without any prior notice to the defendant and without affording the defendant an opportunity to be heard. Furthermore, a garnishment may be released by the court only if it is excessive or if a bond is substituted, see, e. g., Harris v. Barone, 147 Conn. 233, 158 A. 2d 855 (1960); Clime v. Gregor, 145 Conn. 74, 138 A.2d 794 (1958).[4]

---

ant, or when any debt, legacy or distributive share is or may become due to such defendant from the estate of any deceased person or insolvent debtor, the plaintiff may insert in his writ a direction to the officer to leave a true and attested copy thereof and of the accompanying complaint, at least twelve days in the case of the superior court or the court of common pleas, or six days in the case of the circuit court, before the session of the court to which it is returnable, with such agent, trustee or debtor of the defendant, or, as the case may be, with the executor, administrator or trustee of such estate, or at the usual place of abode of such garnishee; and from the time of leaving such copy all the effects of the defendant in the hands of any such garnishee, and any debt due from any such garnishee to the defendant, and any debt, legacy or distributive share, due or that may become due to him from such executor, administrator or trustee in insolvency, not exempt from execution, shall be secured in the hands of such garnishee to pay such judgment as the plaintiff may recover."

2. This action was originally dismissed for lack of jurisdiction, Lynch v. Household Finance Corp., 318 F.Supp. 1111 (D.Conn. 1970), but it is now before us on a remand from the Supreme Court, Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

3. This is a proper class action under F.R. Civ.P. 23(b)(2), because an injunction and a declaratory judgment were the only relief sought. Notice to members of the

classes was neither given nor required in this case, Hansberry v. Lee, 311 U.S. 32, 41–43, 61 S.Ct. 115, 85 L.Ed. 22 (1940); see also, Yaffe v. Powers, 454 F.2d 1362, 1366 (1 Cir. 1972); Wilczynski v. Harder, 323 F.Supp. 509, 512, n. 3 (D.Conn.1971); Solman v. Shapiro, 300 F.Supp. 409, 411, n. 1 (D.Conn.) aff'd 396 U.S. 5, 90 S.Ct. 25, 24 L.Ed.2d 5 (1969); Comment of the Advisory Committee, 39 F.R.D. 69, 106–107 (1966); 3B J. Moore, Federal Practice ¶23.55, at 23–1152–53, ¶23.72, at 23–1421–22 (2d ed. 1969). The interests of the absent parties were fairly insured because there are no money damages, there is no factual issue to be resolved, counsel for the named parties adequately represent the interests of the classes, the Commercial Law League is a participant as an amicus curiae for the defendants, and the legal constitutional issue is not complex in light of recent Supreme Court decisions. Although it is suggested that dictum in Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564–565 (2 Cir. 1968), requires notice in all class actions, see Moore, supra, we read Eisen simply to say that notice is required in all class actions when due process so requires. Furthermore, notice of the proceedings was given to The Governor and the Attorney General of Connecticut pursuant to 28 U.S.C. § 2284.

4. For a more detailed description of the garnishment process, see Lynch v. Household Finance Corp., 405 U.S. 538, 552–555, 92 S.Ct. 1113, 311 L.Ed.2d 424 (1972). Note also the description of the Massachusetts prejudgment attachment proce-

■ The due process clause of the Fourteenth Amendment incorporates a flexible concept into our Constitution, but at its core, it requires an opportunity for a hearing after due notice before a person is deprived of any significant property interest, except in very unusual situations.

The central requirements of due process have always been the giving of effective notice and the opportunity to be heard, see *e. g.,* Schroeder v. City of New York, 371 U.S. 208, 212, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962); Mullane v. Central Hanover Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363 (1914); Baldwin v. Hale, 68 U.S. 223, 233, 1 Wall. 223, 17 L.Ed. 531 (1863). If there was ever any doubt, it is now settled that the opportunity to be notified and heard must be granted *prior* to the garnishment of the property, Board of Regents v. Roth, 408 U.S. 564, 569–570, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Fuentes v. Shevin, 407 U.S. 67, 80–82, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Bell v. Burson, 402 U.S. 535, 542, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Boddie v. Connecticut, 401 U.S. 371, 379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L. Ed.2d 349 (1969).

When garnishment is instituted, the property taken is the *use* of one's funds or goods during the duration of the garnishment, see, *Sniadach, supra,* at 342, 89 S.Ct. 1820 (Harlan, J., concurring). There is no doubt that this property interest is entitled to Fourteenth Amendment protection, even though the loss may be only temporary and a bond could be substituted, *Fuentes, supra,* 407

U.S. at 85, 92 S.Ct. 1983; *Bell, supra,* 402 U.S. at 536, 91 S.Ct. 1586. Moreover, due process is not limited to cases where basic necessities are taken; it is also required whenever there is a seizure of any significant property interest, *Fuentes, supra,* 407 U.S. at 88–89, 92 S. Ct. 1983.

There are unusual situations which permit a taking of property without a prior hearing, but these occasions have been limited to those in which there was an important public interest to be served, where there was a special need for prompt action, or where the seizure was initiated by a government official acting under a narrowly drawn statute, *Fuentes, supra,* at 90–92, 92 S.Ct. 1983 (and cases cited therein).[5] The Connecticut statute in question, however, permits a private party to constrain or withhold from another that other's use of his own property for the purely personal interest of the private party making the garnishment, without any showing of the necessity for prompt action.

In holding the Connecticut garnishment statute unconstitutional for failure to provide a prior hearing, this court makes no attempt to delineate or describe the kind of notice that must be given or the type of hearing that must be held. That task rests in the hands of the legislature, see, *Fuentes, supra,* at 96–97, 92 S.Ct. 1983; *Bell, supra,* 402 U.S. at 542–543, 91 S.Ct. 1586; Goldberg v. Kelly, 397 U.S. 254, 267, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The Supreme Court has, however, indicated some factors which need to be considered.

■ The hearing that is required depends upon the circumstances, including the importance of the interests to be

dures, very similar to Connecticut's, held unconstitutional in Schneider v. Margossian, 349 F.Supp. 741. (D.Mass., filed Sept. 22, 1972).

5. It may well be that garnishment necessary to secure jurisdiction in the state courts is an exception justifying the postponement of notice and hearing, *Fuentes,*

*supra,* at 91, n. 23, 92 S.Ct. 1983; Ownbey v. Morgan, 256 U.S. 94, 41 S.Ct. 433, 65 L.Ed. 837 (1921). Furthermore, an ex parte hearing might be sufficient if a creditor could show that there was an immediate danger that a debtor was going to conceal or abscond with his assets, *cf., Fuentes, supra,* 407 U.S. at 93, 92 S.Ct. 1983.

724

taken and the nature of the subsequent proceedings, *Roth, supra,* 408 U.S. at 570, n. 8, 92 S.Ct. 2701; *Boddie, supra,* 401 U.S. at 378, 91 S.Ct. 780. It is not necessary that the plaintiff fully establish his claim at the hearing, but he must at least show the probable validity of it, *Bell, supra,* 402 U.S. at 540, 91 S. Ct. 1586; *Sniadach, supra,* 395 U.S. at 343, 89 S.Ct. 1820 (Harlan, J., concurring). What due process mandates is that there be a hearing "granted at a meaningful time and in a meaningful manner," Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965), in order "to [prevent] unfair and mistaken deprivations of property," *Fuentes, supra,* 407 U.S. at 97, 92 S.Ct. 1983 at 1994.

We hold that § 52–329 of the General Statutes of the State of Connecticut is unconstitutional and enjoin the defendants from taking any continuing or further action based upon the provisions of said statute.

Judgment may be entered in favor of the plaintiff with her costs.