JUSTIN DEVELOPMENT CORPORATION *v.* DONALD J. COLASONO ASSOCIATES, P.C.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 137521
AT NEW HAVEN

Memorandum filed January 31, 1974

*Heagney & Lennon,* of Greenwich, for the plaintiff.

*Fain & Konover,* of Stamford, appeared specially for the defendant.

MULVEY, J. The plaintiff has requested this court to issue a summary order discharging a mechanic's lien filed on January 4, 1974, by the defendant and recorded in the land records of the town of Branford. The plaintiff claims that on September 27, 1973, the defendant, by its president, executed a waiver and release of all liens and rights of lien

it had or might thereafter have by virtue of services rendered, work performed, or material furnished upon the plaintiff's land. The plaintiff claims that the statutory method for discharge of invalid liens, § 49-51 of the General Statutes, does not provide adequate relief or remedy for the plaintiff and that it has no other adequate remedy at law.

The defendant has filed a plea in abatement, claiming that this court has no jurisdiction to release a mechanic's lien in a manner not provided by statute. The plaintiff, in opposition to the plea in abatement, claims that it is appealing to the equity jurisdiction of the court for relief from what it claims is an intolerable situation and that the court does have jurisdiction to entertain the application.

The plaintiff has placed in evidence the claimed waiver by the defendant and the contract between the plaintiff and the defendant. The plaintiff relies on *Fourth New London NSB Quarters, Inc.* v. *Wyoming Valley Contractors, Inc.,* 22 Conn. Sup. 293. We note that that case has never been cited or followed in any reported decision of any court of this state. We suggest that its factual situation is sui generis.

In *Harris* v. *Barone,* 147 Conn. 233, our Supreme Court reviewed the question of the authority of a trial court to enter an order dissolving a garnishment, a question not dissimilar to that raised by the plaintiff in the instant matter. The Supreme Court said (p. 234): "The right to attach property on mesne process is created and regulated by statute. Proceedings to release or dissolve an attachment are likewise governed by statute, and in the absence of specific statutory authority no tribunal can order the release of property from the lien of an attachment. . . . No statute authorizes the release of an attachment because it is wrongful or unauthorized.

Other remedies are provided in such cases. . . . The court was without legal authority to enter its order." See also *Town Radio & Television, Inc.* v. *Kilpatrick,* 6 Conn. Cir. Ct. 455.

Sections 49-37 and 49-51 of the General Statutes are available to the plaintiff if it chooses to utilize the methods set forth therein to achieve a dissolution or discharge of the defendant's lien.

We mention in passing that the contract between the plaintiff and the defendant indicates that it is between the plaintiff and Donald J. Colasono Associates, P.C. The contract was signed by "Donald J. Colasono, Pres." The waiver, in paragraph 4 (c), requires that its execution conform exactly to the names under which the contract was let and that, in the case of a corporation, the full corporate name, with the signature and office of a duly authorized officer of the corporation, be affixed. The waiver was signed simply "Donald J. Colasono" on a line over the word "architect."

The plea in abatement is sustained. Judgment may enter for the defendant.