Louis J. Cimminello et al. *v.* A. M. S. Corporation et al.

Appellate Division of the Circuit Court

File No. CV 1-662-11261

Argued May 23—decided September 2, 1966

*John J. Resnik,* of New Haven, for the appellant (defendant Velardi).

*Warren D. Kealey,* of Norwalk, for the appellees (plaintiffs).

Levine, J. The plaintiffs brought suit for an injunction and for damages against the defendants, abutting landowners, for altering the natural flow of surface waters and depositing them on the plaintiffs' land, to their substantial injury. On the institution of the action, the plaintiffs filed a lis pendens in the

land records against the real property of the defendants. The defendant Velardi thereafter filed an "Application . . . for Discharge of Lis Pendens" which the court denied, and from this action on the "Application" he has appealed, assigning error in its denial and in the court's conclusion that this defendant's land is the subject matter of the action. The conclusions of the trial court may only be tested by the findings of fact, and this court may only determine whether the conclusion is a proper deduction from those facts. *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655; Maltbie, Conn. App. Proc. § 165. Since no finding was requested or drawn, we have no basis upon which to consider this assignment of error.

Lis pendens, which existed at common law; 34 Am. Jur., Lis Pendens, § 5; has been enacted into § 52-325 of the General Statutes, and the pertinent portion thereof provides for the filing of a "notice of the pendency of the action" in any action "if the same is intended to affect real estate." Lis pendens is defined as follows: "Literally, a pending suit; but as applied to the doctrine which is thus named, it is the jurisdiction, power or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment therein; that the court having jurisdiction of the suit or action is entitled to proceed to the final exercise of that jurisdiction, and that it is beyond the power of any of the parties to the action to prevent its doing so by any transfer or other act made or done after the service of the writ or the happening of such other act as may be necessary to the commencement of lis pendens." Ballentine, Law Dictionary; see 34 Am. Jur., Lis Pendens, § 1. Lis pendens is used where the plaintiff is seeking to establish or enforce an interest previously acquired. Stephenson, Conn. Civil Proc. § 15.

Section 52-326 provides for the discharge of lis pendens by making §§ 52-322, 52-323, and 52-324 applicable, mutatis mutandis. These sections deal with the discharge of attachments and do not provide for the procedure used by this defendant. Nor is there any provision elsewhere in the General Statutes or in the Practice Book for an "Application . . . for Discharge of Lis Pendens." "It is, of course, true that a judge or court has no power to order the release of property from the lien of an attachment except as its release is authorized by this statute. *Sachs* v. *Nussenbaum,* 92 Conn. 682, 687 . . . . The statute does not authorize the release of an attachment simply because it is wrongful in the sense that it is an abuse of process or simply because it is unauthorized in the sense that it has not been made in accordance with law. For a wrongful or unauthorized attachment, a defendant has other remedies." *Csakany* v. *Takacs,* 143 Conn. 485, 487. "No judge or court has the power to order the release of property from the lien of an attachment unless its release is authorized by statute. . . . No statute in this state provides for the release of a garnishment for any other reason, let alone those alleged by this defendant. The lower court exceeded its power when it granted the motion to release the attachments and garnishments . . . ." *Clime* v. *Gregor,* 145 Conn. 74, 76.

It follows therefore that the trial court had no jurisdiction to hear this "Application . . . for Discharge." The question of jurisdiction may be raised suo motu by this court. *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 574; see *Marcil* v. *Merriman & Sons, Inc.,* 115 Conn. 678, 682; *In re Application of Title & Guaranty Co.,* 109 Conn. 45, 51. Since the trial court had no power to discharge a lis pendens, it was without jurisdiction to act on the application of the defendant Velardi. If the filing of the lis

pendens was wrongful, the defendant had other remedies which he could pursue.

There is error in the form of the judgment, it is set aside and the court is directed to render judgment dismissing the application for discharge of lis pendens for lack of jurisdiction.

In this opinion DEARINGTON and KINMONTH, Js., concurred.