HARRY RAVITCH *v.* STOLLMAN POULTRY FARMS, INC., ET AL.

HOUSE, C. J., COTTER, THIM, SHAPIRO and LOISELLE, Js.

Argued October 13—decided November 23, 1971

*Jerome M. Griner,* for the appellant (plaintiff).

*William R. Moller,* with whom, on the brief, was *Myron R. Bernstein,* for the appellees (defendants).

SHAPIRO, J. The issue before this court is whether the referee, acting as a court, erred in granting the defendants' motion to release in part a lis pendens for reasons other than those set forth by statute.

An action, pursuant to which this appeal arose, was instituted in August, 1963, for breach of contract on the part of various defendants arising from their purchase of certain real estate of the plaintiff. Money damages in the amount of $200,000 was the only relief sought under the original complaint. An attachment of the real estate was made at the commencement of the action but was released on May 18, 1964, on the substitution of a bond with personal surety.

An amended complaint, filed September 6, 1966, alleging fraud and unjust enrichment, sought, in addition to money damages and other relief, a decree that the land and buildings be impressed with a trust for the benefit of the plaintiff. A lis pendens was subsequently filed covering all the real estate which is the subject matter of the still pending action and over which the plaintiff seeks the imposition of a trust.

On March 4, 1969, the parties stipulated that the case be referred to a state referee. On November 4, 1970, during the trial, the defendants filed a motion asking the referee to release the lis pendens

as to only a portion of the land with a dwelling house thereon. The land for which the partial release of the lis pendens was sought is a small portion of the property subject to the lis pendens. The land is approximately 248 by 341 feet in size and is on a private road near the Middletown-Durham town line.

On November 5, 1970, the referee ordered the release, in part, of the lis pendens, but gave the plaintiff until November 25, 1970, to purchase the property or to provide a purchaser ready, willing and able to buy it for $60,000. The order further provided that the house and the land on which it stood should be sold to the defendants' prospective purchaser after November 25, 1970, for the stated amount. It provided further that the remainder of the property owned of record by the defendants should continue to be subject to the lis pendens. The order concluded by providing that the proceeds of any sale be applied to the payment of the outstanding first mortgage and that the question of the actual credit for the $60,000 should remain a matter to be adjudicated between the parties in the litigation before the state referee.

The state referee assigned these reasons for ordering the partial release of the lis pendens: (1) Because of its size and location it has been difficult for the defendants to rent this property and secure any adequate income from it. From time to time it has been vacant; (2) there is a reasonable probability that if and when the house is vacant the property, including the house and the surrounding land, with its shrubbery, will be vandalized; (3) it is in the best interest of both parties, for the preservation of the property on which the plaintiff seeks to impress a trust, that the property described in the motion be sold irrespective of the resolution of the

issues between the parties in the instant litigation, which has already consumed forty-six trial days extending over a period of more than one year, with the probability of further extended hearings.

The plaintiff assigns as error the overruling by the court of the following claims of law: (1) The court had no power whatsoever to order the release of any land subject to a duly recorded lis pendens in an action intended to affect the real estate subject to the lis pendens; (2) the sole powers of the court to order the dissolution of an attachment or to order a reduction in the amount of an attachment, and analogously the power of a court to order dissolved or in any way modified a lis pendens derived solely and exclusively from specific statutes; (3) there is no Connecticut statutory authority under which the court could lawfully make the order which the defendants sought in their motion to release in part the lis pendens; (4) if the court, pursuant to § 52-326 of the General Statutes, as amended, had the power under §§ 52-322 and 52-324 to discharge, dissolve or in any way modify a duly recorded lis pendens, or to order such discharge, dissolution or modification, a condition precedent to the exercise of such power was the establishing by the moving party of any one of the conditions expressly set forth in said §§ 52-322 and 52-324.

The state referee concluded that, sitting as a court of equity, he had the power to make an order releasing the lis pendens as it affected the house and parcel of land on which it stood. The plaintiff assigns as error this conclusion, in that no facts were found or conclusions reached which according to the applicable statute would confer on the referee the power he sought to exercise by granting the motion.

We need not pass on the question whether the state referee proceeded correctly in entertaining the defendants' motion, for this appeal may be determined on the narrower issue of whether the order partially releasing the lis pendens, made pursuant to the defendants' motion, was grounded on permissible considerations. See *Clipfel* v. *Kantrowitz*, 146 Conn. 738, 150 A.2d 824.

At the outset, the applicable statutes should be made clear. The statutory authority under which a party to a cause of action intended to affect real estate may record in the office of the town clerk of the town where the property is situated a notice of the pendency of the action is § 52-325.[1]

Section 52-326 of the General Statutes, entitled "Discharge of lis pendens," provides that "[t]he provisions of sections 52-322 . . . and 52-324 shall

---

[1] "[General Statutes] Sec. 52-325. LIS PENDENS. In any action in a court of this state . . . the plaintiff or his attorney, at the time the action is commenced or afterwards, or a defendant, when he sets up an affirmative cause of action in his answer and demands substantive relief at the time the answer is filed, if the same is intended to affect real estate, may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of the pendency of the action, containing the names of the parties, the nature and object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property. Such notice shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action. For the purpose of this section an action shall be deemed to be pending from the time of the recording of such notice; provided such notice shall be of no avail unless service of the process is completed within the time provided by law."

apply, mutatis mutandis, to any lis pendens recorded according to the provisions of section 52-325."[2]

Section 52-322 of the General Statutes provides, mutatis mutandis, that when a plaintiff who has filed a lis pendens has (1) received satisfaction for his claim or (2) final judgment has been rendered against him thereon, or (3) when for any reason such lis pendens has become of no effect, such plaintiff shall at the request of interested persons, file with the town clerk a certificate of dissolution.

Section 52-324 of the General Statutes provides, mutatis mutandis, that when a plaintiff has (1) withdrawn his suit, or (2) has been nonsuited, or (3) final judgment has been rendered against him, or (4) if such suit has not been returned, or (5) if for any reason the lis pendens has become of no effect, the clerk of the court shall, on the request of any person interested, issue a certificate of dissolution to be filed with the town clerk.

Finally, § 49-13 (b) of the General Statutes provides that when record title is encumbered by a lis pendens which "has become of no effect," the owner of the property may bring a petition in the Superior Court within the county in which the property is situated and, after proper notice and hearing, "if such court finds the . . . lis pendens . . . has become of no effect, the court may render a judgment reciting the facts and its findings in relation thereto and declaring such . . . lis pendens . . . invalid as a lien against such real estate, which judgment shall . . . be recorded in the land records of the town in which such property is situated, and no action to

---

[2] Section 49-8 (6) of the General Statutes provides damages to any person aggrieved by the failure of the plaintiff to release the lis pendens on request when it "has become of no effect pursuant to section 52-326."

enforce a title under such . . . lis pendens . . . shall be maintained thereafter. The plaintiff may claim in such petition damages as set forth in section 49-8 if he is aggrieved by the failure of the defendant to execute the release therein prescribed."

Thus, within §§ 52-322, 52-324 and 49-13 (b) of the General Statutes, the legislature, in providing three procedures for releasing a lis pendens, has detailed the considerations on which such release may be granted.

The considerations detailed in the aforementioned statutes do not include the equitable considerations on which the referee based his order. The plaintiff has received no satisfaction on his claim; no final judgment has been rendered against him; the suit has not been withdrawn, nor has he been nonsuited. No reason has been advanced to indicate that the lis pendens has become "of no effect."

It is well to observe at this juncture that there is not in this case any claim that: (a) The action is not intended to affect real estate, or (b) the notice recorded does not contain the details required by the statute, or (c) service of process was not timely completed, any of which circumstances, when properly proven, may qualify as the "for any reason" that a lis pendens may have been of no effect pursuant to §§ 52-322, 52-324 and 49-13 (b) of the General Statutes.

This court is unpersuaded by the defendants' argument that while § 52-326 of the General Statutes specifically requires the provisions of §§ 52-322 and 52-324 to apply to the dissolution of a lis pendens, this does not preclude other statutes relating to the discharge of attachments—specifically § 52-302[3] and

---

[3] Section 52-302 is entitled "Discharge of excessive attachment."

§ 52-304[4] of the General Statutes—from being applicable here, and that under these provisions the court below had ample authority to release the lis pendens. The legislature has chosen not to make these sections applicable to a lis pendens, but has, instead, confined the conditions for the release of the lis pendens to those in §§ 52-322, 52-324 and 49-13 (b). This fact aside, § 52-302 only allows a court to discharge an attachment on a finding that it is "excessive." Thus, even if it were applicable here, mutatis mutandis, the state referee did not base his order on a finding of an "excessive" lis pendens. The application of § 52-304 to the discharge of a lis pendens, mutatis mutandis, is not legislatively authorized nor has its relevance to the action of the referee been shown.

Having explored the only statutory grounds under which a court or a state referee acting as a court may act with respect to the discharge of a lis pendens, we conclude that none formed the basis of the referee's order partially releasing the lis pendens.

At common law, the equitable doctrine of lis pendens was set in motion when a suit which affected interests in property was commenced. One who purchased property affected by litigation, pendente lite, without any notice, implied or in fact, was nonetheless bound by the judgment or decree in the suit. Every man was presumed to be attentive to what passed in the courts of his state. *Norton* v. *Birge,* 35 Conn. 250, 258–59. The common law no doubt placed a hardship on a purchaser without actual

---

[4] Section 52-304 is entitled "Dissolution of attachment by substituting bond" and allows a defendant to "apply in writing to the court in which such action may be pending, or any judge thereof, to dissolve the attachment lien upon the substitution of a bond with surety."

notice but, as this court observed (p. 259), this was "one of the cases in which private mischief must yield to general convenience." The doctrine was said (p. 258) to be "founded upon a great public policy," for without the doctrine decrees could be evaded and litigation extended by sales to third persons during litigation. Thus, the common-law rule, that the lis pendens continued until the suit was determined by a final decree or until it was suspended by a failure to prosecute diligently, served to preserve the subject of the litigation in order to make it possible for the courts to execute their judgments and decrees. *Norton* v. *Birge,* supra, 259; *Olson* v. *Leibpke,* 110 Iowa 594, 597, 81 N.W. 801; see 51 Am. Jur. 2d 950, 979, Lis Pendens, §§ 1, 32, and cases cited.

The enactment of statutes such as § 52-325 of the General Statutes requiring the filing of notice of lis pendens served to alleviate the harsh result on third-party transferees wrought by the common law by affording them the opportunity of notice of the litigation affecting the property. The lis pendens statutes themselves, which we have discussed, in indicating the considerations which allow the release of a lis pendens, include nothing which diminishes the common-law view that the property should not be alienated, pendente lite, so as to preclude a court or a state referee acting as a court from granting such relief as is justifiable in the circumstances or such as would vitiate a judgment subsequently rendered at the conclusion of the litigation.

Here, the referee, in ordering the partial release of the lis pendens based on equitable considerations which are in contention in the action, has prematurely considered the merits of the action and the ability of the plaintiff to prevail in the action. In

granting the motion the referee necessarily concluded that the plaintiff had no right to have a trust imposed on all the property subject to the outcome of the litigation. This was an adverse determination of an ultimate issue in the plaintiff's cause of action. The defendants have cited no case law or statute that gives the court power to decide such a matter on motion. The doctrine of lis pendens was intended to preserve the property until the state referee in the present case had an opportunity to hear fully the case and render a final judgment. The referee acted beyond his power in ordering a partial release of a lis pendens during the pendency of the suit, based on equitable considerations that involve the merits of the plaintiff's action. That was for the state referee to do only in proper course and at the appropriate time.

In *Sachs* v. *Nussenbaum,* 92 Conn. 682, 687, 104 A. 393, we held that the power of the judge to dissolve an excessive attachment is limited by the language of the statute which allows such a dissolution only when the attachment is excessive, and, in ordering a dissolution, the judge had no power to test the legal sufficiency of the complaint or to weigh the chances for the plaintiff's recovery of his claim. See also *Clime* v. *Gregor,* 145 Conn. 74, 76, 138 A.2d 794; *Csakany* v. *Takacs,* 143 Conn. 485, 487, 123 A.2d 764; *D'Andrea* v. *Rende,* 123 Conn. 377, 380, 195 A. 741; *Cimminello* v. *A. M. S. Corporation,* 4 Conn. Cir. Ct. 12, 224 A.2d 565.

There is error and the order granting a partial release of the lis pendens is set aside.

In this opinion the other judges concurred.