[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Stamford Towers Limited Partnership [STLP] moves to discharge plaintiff Gilbane Building Company's mechanic's lien and to dismiss the first count of plaintiff's five count amended complaint. STLP argues that plaintiff's mechanic's lien is invalid and should be discharged. STLP also argues that the first count should be dismissed on the ground that the court lacks subject matter jurisdiction.
By its amended five count complaint plaintiff seeks to recover for damages plaintiff suffered while performing construction management services on a project known as Stamford Towers. In count one plaintiff seeks a foreclosure of its mechanic's lien in the amount of $4,583,481. In count one plaintiff alleges that defendant, People's Bank, claims an interest in the premises by virtue of a mortgage deed in the amount of $25,000,000 dated and recorded on July 19, 1990. Counts two through five are not at issue in the instant motions.
In its memoranda STLP argues that plaintiff's failure to serve a true and attested copy of the certificate of mechanic's lien upon People's Bank, the mortgages, renders the mechanic's lien invalid pursuant to General Statutes Sections 49-34, 35. STLP argues that plaintiff's mechanic's lien should therefore be discharged and the first count dismissed. CT Page 1159
General statutes Section 49-34 provides in pertinent part:
 A mechanic's lien is not valid, unless the person performing the services or furnishing the material. . . serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the services of the notice in section 49-35. General Statutes Section 49-35 provides in pertinent part:
 The notice shall be served upon the owner. . . When there are two or more owners. . .the notice shall be served on each owner. . . .
"[T]he word `owner' has no fixed meaning but must be interpreted in its context and according to the circumstances in which it is used." Smith v. Planning Zoning Board, 203 Conn. 317,322, ___ A.2d ___ (1987). "The legislative history of the 1975 amendment to the mechanic's lien law is silent on the meaning of `owner' as used in Sections 49-34 and 35a. (18 H.R. Proc., PT. 10, 1975 Sess., p. 4922)." PDS Engineering 
Construction, Inc. v. Double RS a/k/a Double RS Partnership, 5 Conn. L. Rptr. No. 12, 306, 312 (December 19, 1991, Satter, STR)
 In Connecticut, a mortgagee has legal title to the mortgaged property and the mortgagor has equitable title, also called the equity of redemption. Conference Center Ltd. v. TRC, 189 Conn. 212, 218, 455 A.2d 857 (1983). The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money. General Statutes Section 47-36h; State v. Stoneybrook, Inc., 149 Conn. 492, 495-96, 181 A.2d 601, appeal dismissed and cert. denied, 371 U.S. 185, 83 S. CT. 265, 9 L.Ed.2d 277 (1962); Brand v. Woolson, 120 Conn. 211, 180 A. 293
(1935).
Barclays Bank of New York v. Ivler, 20 Conn. App. 163
___ A.2d ___ (1989). General Statutes Section 47-36h provides in pertinent part: A deed following the form entitled "Mortgage Deed", when duly executed, has the force and effect of a deed to the mortgagee in fee simple, subject to defeasance. . . .
The Connecticut Appellate Courts have not ruled and there is a split of decisions among the Superior Courts on the issue of whether a mortgagee is an owner for the purposes of the mechanic's lien notice requirement of General Statutes Sections49-34, 49-35. CT Page 1160
In Red Rooster Construction Co. v. River Associates, Inc., 4 Conn. L. Rptr. No. 10, 315 (July 2, 1991, Schaller, J.), Red Rooster as contractor and River Associates as developer entered into an agreement to construct 26 residential condominium units and a commercial building on River Associates land. Connecticut Savings Bank loaned money to River Associates, secured by a construction mortgage on the premises. After River Associates failed to pay Red Rooster for its work performed, Red Rooster filed a mechanic's lien on the property. A copy of the certificate of mechanic's lien was served on River Associates but not on Connecticut Savings Bank. Id. It 316. Red Rooster brought an action to foreclose its mechanic's lien on River Associates' property. In Red Rooster, the court reasoned that, in the context of real estate, case law defines "owner" to include the legal title holder. The court held that the legal title holder, a mortgagee, is an owner within the meaning of General Statutes Section 49-34. Id. at 319. Therefore, the court held that since the legal title holder was not served with the mechanic's lien, the mechanic's lien was invalid. Id. The Red Rooster court also found that the mechanic's lien was invalid on two other grounds not pertinent to the instant case.
The courts in PDS Engineering Construction. Inc. v. Double RS a/k/a Double RS Partnership, 5 Conn. L. Rptr. No. 12, 306 (December 19, 1991, Satter, J.), and St. Lawrence Explosives of Connecticut Inc. v. Fairfield Resources, Inc., 5 Conn. L. Rptr. No. 14, 365 (December 31, 1991, Fuller, J.), refused to follow the Red Rooster decision. In PDS Engineering Construction, PDS as contractor agreed to construct a retail building on Double RS Partnership land. On April 13, 1989 a mortgage deed by Double RS to United Bank was executed and recorded on the land records. PDS Engineering Construction, supra 307. On January 31, 1990 PDS filed and recorded a mechanic's lien on the land records. The court in that case held that,
 [t]he mechanic's lien law, to the extent that it were to operate to give priority of PDS's lien over United Bank's mortgage would violate the due process clause of the Fourteenth Amendment of the United States Constitution and Article First Section 10 of the Connecticut Constitution. Accordingly, the PDS lien is determined to be secondary in priority to the United Bank mortgage.
PDS Engineering Construction, supra, 313.
On the question of whether United Bank as a mortgagee was an owner entitled to notice of the filing of a mechanic's lien, the PDS Engineering Construction, court held that, mortgagee, United Bank was not an owner of the property and not entitled to CT Page 1161 notice. The court reasoned that the legislative history is silent the meaning of owner as used in Sections 49-34 and 35a and that "if the legislature intended `owner' to include mortgagee, it would have more explicitly said so and not relied upon the artificial legal construct of legal title in the mortgagee, vis-a-vis the mortgagee-mortgagor relationship." PDS Engineering Construction, , supra, 312.
In St. Lawrence Explosives of Connecticut, plaintiff furnished drilling and blasting services on property in Brookfield. When defendant assignee failed to pay for plaintiff's services, plaintiff filed a mechanic's lien on the property. Defendant American National Bank was a mortgagee on the subject property. Plaintiff brought its action to foreclose its mechanic's lien on the property. Defendant Bank moved to discharge the lien. In that case the court looked at the term owner in the context of the mechanic's lien statute and therefore not entitled to notice. St. Lawrence Explosives of Connecticut, supra, 357. The court reasoned that:
 While the mortgagee may have legal title to the property against which the lien is filed, the mortgagor is, as a practical matter, more affected by the lien since it is in possession of the property and has the equity of redemption and can at its option pay off the debt and extinguish the rights of the mortgagee. Moreover, reading Section 49-34 to mean that the "owner" of the property is the mortgagee is contrary to the practical results of the application of the mechanic's lien statutes over many years, where the property owner has been served with the mechanic's lien based upon "an agreement with or by consent of the owner of the land upon which the. . . materials were furnished or services rendered. . . ." Section 49-33 of the General Statutes.
Id. The court also reasoned that if the legislature intended mortgagees and others with an interest in the property to be served, it could have specified this in the statute. Id. The court then denied the motion to discharge the mechanic's lien.
This court concurs with the reasoning set forth in PDS Engineering Construction, and St. Lawrence Explosives of Connecticut.
The motion to dismiss and discharge the mechanic's lien is denied.
DEAN, J.