ISSUE
Should the Defendants' Motion for Summary Judgment on Count three of the Plaintiff's Complaint be granted?
FACTS
The plaintiff, Northeastern Contracting Co. ("Northeastern"), filed this four count complaint on November 2, 1989 against the defendants, Associated Construction Co. ("Associated") and National Union Fire Insurance Co. of Pittsburgh, Pennsylvania ("National Union"), seeking to recover for work the plaintiff allegedly performed as a subcontractor at a Connecticut Water Company water treatment plant in Naugatuck. Counts one, two and four are directed to the defendant subcontractor Associated, with whom Northeastern allegedly subcontracted to perform a portion of the project, and allege breach of contract, unjust enrichment, and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes Sec. 42-110 (a) et seq., respectively. Count three is directed to both Associated and National Union, and is an action on a bond which was substituted for a mechanic's lien that Northeastern recorded against the premises upon which the project was located.
On January 25, 1990, the defendants filed their answer to the plaintiff's complaint, thereby closing the pleadings. On October 1, 1991, the defendants filed a motion to amend their answer to add seven special defenses. The plaintiff filed an objection on the ground that allowing the defendants' amendment would only further delay the trial, which had originally been scheduled to begin October 3, 1991, but had been, at the defendants' request, continued CT Page 3394 until January to allow the defendants to complete discovery. By order dated November 4, 1991 the court, Arena, J., sustained the plaintiff's objection.
Thereafter, on November 7, 1991, the defendants filed a motion for summary judgment as to count three of the complaint, on the ground that the mechanic's lien for which the bond was substituted was invalid because the plaintiff failed to serve notice of the mechanic's lien on the owner of the property, Connecticut Bank Trust Co. ("CBT"). In support of their motion the defendants filed a memorandum of law, certified copies of certificates of mortgage, partially illegible copies of an "Indenture of Mortgage and Deed of Trust" and "Thirteenth Supplemental Indenture" from the Connecticut Water Company to CBT, and a copy of a superior court decision, Red Rooster Construction Co. v. River Associates, Inc., 4 CTLR 315 (July 2, 1991, Schaller, J.).
On November 20, 1991, the defendants filed a motion for reconsideration of the court's decision sustaining the plaintiff's objection to the defendants' motion to amend their answer. On December 13, 1991, the plaintiff filed a memorandum in opposition to the defendants' motion, accompanied by the affidavit of Salvatore Marino, Jr., President of Northeastern, and copies of the contract between Northeastern and Associated, the bid submitted by Associated for the project, the contract between the Connecticut Water Company and Associated, and the "Bond to Discharge Mechanic's Lien." By order dated February 18, 1992, the court, Arena, J., denied the defendants' motion for reconsideration.
DISCUSSION
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book Sec, 384; see Gurliacci v. Mayer, 218 Conn. 531,562, 590 A.2d 914 (1991); Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983). The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Daily v. New Britain Machine Co.,200 Conn. 562, 568, 512 A.2d 893 (1986). It is not enough for the opposing party merely to assert the existence of a disputed issue. Id., 569. Because the burden of proof is on CT Page 3395 the movant, the nonmovant is given the benefit of all favorable inferences that can be drawn. Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516,391 A.2d 157 (1978).
The function of the trial court in summary judgment proceedings is not to decide issues of material fact but rather to determine whether any such issues exist. Nolan v. Borkowski, supra; see also Telesco v. Telesco,187 Conn. 715, 718, 447 A.2d 752 (1982). Issue finding rather than issue determination is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262, 269, 422 A.2d 311
(1979). In deciding a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. Catz v. Rubenstein, 201 Conn. 39, 49,513 A.2d 98 (1986); see Strada v. Connecticut Newspapers, Inc.,193 Conn. 313. 317, 477 A.2d 1005 (1984).
The defendants claim that the owner of the property upon which Northeastern performed site work was CBT, not the Connecticut Water Company, and Northeastern never served its notice of mechanic's lien upon CBT, as required by General Statutes Sec. 49-34. The defendants argue that pursuant to the court's holding in Red Rooster Construction Co. v. River Associates, Inc., supra, the failure to properly serve notice of a mechanic's lien on an owner of the property defeats a mechanic's lien since the notice requirement of General Statutes Sec. 49-34 is a statutory prerequisite to the validity of the lien. Thus, the defendants argue, they are entitled to judgment on count three because the mechanic's lien for which the bond was substituted was invalid. The defendants maintain that the documents which they have submitted in support of their motion show that CBT was a mortgagee on the property and holder of the property as an owner in trust. The defendants claim that the mortgage to CBT from the water company has the force and effect of a deed in fee simple subject to defeasance upon payment in accordance with the terms of the agreement, and that as mortgagee, CBT has legal title to the property, while the Connecticut Water Company has at most equitable title or the equity of redemption.
The plaintiff objects to the defendants' motion on several grounds. The plaintiff argues that because the defendants never pled the failure to serve the true owner or invalidity of the lien as a special defense, the defendants are precluded from raising the issue either by way of summary judgment motion or at trial. The plaintiff further argues that since CBT is not a party to this action, and the purpose of the notice requirement of General Statutes Sec. CT Page 339649-34 is to protect the due process rights of property owners, the defendants have no standing to seek redress for alleged violations of the constitutional rights of a non-party. The plaintiff further claims that since the plaintiff has filed this action on the bond, not on the lien, the present dispute over the bond is no longer related to the property itself, and any interest the mortgagee (CBT) may have held in the property is no longer "affected" by this dispute since the lien itself is gone.
The plaintiff also maintains that the Red Rooster decision is flawed because it incorrectly holds that Connecticut is a title theory state and because a mortgagee is not an "owner". The plaintiff further contends that in this case the court could find that there are two owners, CBT and Connecticut Water Company, and, if so, the lien is still valid as to the Connecticut Water Company because it received adequate notice. Finally, the plaintiff argues that disputed issues of material fact remain as to who owns the property.
A material issue of fact remains as to who is the owner of the property. The affidavit and documents submitted by the plaintiff indicate that the Connecticut Water Company is the owner of the property. Both the contract between Associated and the Connecticut Water Company and the Bond to Discharge Mechanic's Lien executed by Associated and National Union list Connecticut Water Company, not CBT, as the owner of the property upon which the work which is the subject of this action was performed. Accordingly, the defendants have not met their burden of demonstrating that no genuine issues of material fact exist such that they are entitled to judgment as a matter of law.
Because material issues of fact remain regarding the ownership of the property, the court need not at this stage of the case address the plaintiff's other arguments regarding the applicability or validity of the Red Rooster decision, the standing of the defendants to assert this claim, or their failure to file a special defense.
CONCLUSION
The defendants' motion for summary judgment on count three of the plaintiff's complaint is denied.
AUSTIN, JUDGE CT Page 3397