The First Constitution Bank ("FCB") instituted the present CT Page 5464 action to recover sums due under a commercial revolving loan note ("Note"). To secure the Note, the defendant Harbor Village Limited Partnership ("Harbor Village") and William O. Rockwood, Jr. Trustee, ("Rockwood") mortgaged certain parcels of land located in the Town of Greenwich and the mortgage was filed on the Land Records on May 3, 1989. First Marine Corp. ("FMC") has been substituted as party plaintiff as the assignee of the mortgage.
The mortgaged property consisted of several parcels of land and the proceeds of the loan, in the amount of $21,500,000, was to be utilized to finance the construction by Harbor Village of a marina facility and a docominium complex in Greenwich, Connecticut. The defendant Fairfield Dock Co., Inc. ("Fairfield") rendered services or furnished materials to the project from March 3, 1989 to February 13, 1990. On April 16, 1990, Fairfield lodged its Certificate of Mechanic's Lien with the Greenwich Town Clerk and served a notice of intention to claim a mechanic's lien upon Harbor Village and Rockwood as owners of the properties.
FMC has filed a Motion for Determination of Priority and for a judgment of strict foreclosure asserting that Fairfield's Mechanic's Lien is defective, on grounds hereinafter discussed, and therefore, the interest of Fairfield, if any, is subsequent to that of FMC and may be foreclosed in the present action. Fairfield, on the other hand, claims that its Mechanic's Lien has priority over FMC's mortgage. The parties have entered a partial stipulation of facts and an evidentiary hearing has been held with respect to the matters raised by Fairfield and FMC.
The notice of intention to claim a Mechanic's Lien served by Fairfield upon Harbor Village and Rockwood describes the property to which the Mechanic's Lien applied in "Schedule A" attached to the notice. FMC makes no claim of any deficiency with respect to the form of the notice of intention to claim a mechanic's lien. However, the Certificate of Mechanic's Lien states that Fairfield furnished materials and rendered services on certain lots of land owned by Harbor Village and Rockwood and "situated in the Town of Greenwich, County of Fairfield and State of Connecticut, and a lot of land belonging to said Harbor Village Limited Partnership and William O. Rockwood, Jr., trustee and bounded as follows: See, Exhibit `A' attached." Exhibit A was not recorded and only the first two pages of the Certificate of Mechanic's Lien are on record at the Greenwich Town Clerk's Office. Accordingly, FMC claims that the property CT Page 5465 subject to the Mechanic's Lien is not described as required by statute and therefore the Mechanic's Lien is invalid.
The attorney for Fairfield who prepared the Certificate of Mechanic's Lien also prepared the Exhibit A to be attached to that Certificate for filing in the Town Clerk's Office. He personally delivered the Certificate, with Exhibit A attached, to the sheriff, now deceased. The Town Clerk for the Town of Greenwich testified that the costs for recording documents was $10 for the first page and $5.00 for each subsequent page. At the time the Mechanic's Lien was filed, there is a receipt indicating a charge of $15.00 was made. Accordingly, between the delivery of the Certificate of Mechanic's Lien, with Exhibit A attached, to the sheriff by the attorney for Fairfield and the actual recording of that document, Exhibit A became detached so that the description of the land intended to be covered by the mechanic's lien were not filed on the Land Records. When the Town Clerk's Office completed the recordation of the documents, the documents actually recorded were returned to the attorney for Fairfield.
An expert in the searching of the Land Records testified that the existence of a mechanic's lien was apparent from a review of the land records; that the only property owned by Harbor Village and/or Rockwood in the Town of Greenwich was located on River Road which was the location of the marina and docominium complex; and that a title searcher would be on notice that a mechanic's lien was claimed with respect to said properties. The expert also testified that there were several parcels of property involved and he could not determine from the Land Records whether the claimed mechanic's lien applies to one parcel, more than one parcel, or all parcels. The expert also testified that the mechanic's lien was not outside of the chain of title and his obligation was, therefore, to put the person asking him to do the work on notice that a mechanic's lien might apply to all parcels of land.
General Statutes 49-34 provides, in pertinent part, that a mechanic's lien is not valid unless the person performing the services or furnishing the materials lodges with the Town Clerk a Certificate "(a) describing the premises." FMC therefore asserts that the failure to record Exhibit A constitutes failure to comply with the above-quoted provision of the statute. However, there is no claim by FMC that it was mislead in any way nor is there any claim of prejudice.
The purpose of Mechanic's Liens is to provide security for the payment of claims for one supplying services or materials, and the mechanic's lien is a creature of statute which requires compliance with the statute. H S Torrigaton Associates v. Lutz Engineering Co., Inc., 185 Conn. 459, 553 (1981). Our courts have consistently provided a liberal construction of claimed CT Page 5466 inadequacies in a Certificate of Mechanic's Lien in order to achieve the remedial purposes of the mechanic's lien statutes and therefore, our law requires a reasonable compliance with the statutory provisions. J.C. Penney Properties Inc. v. Santella Co., Inc.,210 Conn. 511, 514 (1989). "In accordance with this policy, our courts have been liberal in validating liens despite claimed errors on the face of the lien certificate where the mistake was made in good faith and no resulting prejudice was claimed." supra at 515.
In the present case, the land records themselves indicated that Fairfield was claiming a mechanic's lien on property of Harbor Village and Rockwood and that the only property owned by those parties was located on River Road. A reasonable party searching the records would therefore conclude that a mechanic's lien may apply to all such properties. The mistake is also obvious. The Certificate of Mechanic's Lien itself states "See Exhibit `A' attached" and there was no such description attached to the Mechanic's Lien.
Our courts have recognized that some errors in recording are so neutralized by other matters which do appear in the records, so that no searcher after the title possibly could be mislead and therefore, such errors should not affect the validity of the record as notification. Connecticut National Bank v. Lorenzato,221 Conn. 77, 83 (1992).
"The Land Records are the starting point for inquiry and not the ending point." Connecticut National Bank v. Esposito,210 Conn. 221, 230 (1989). A review of the land records would place a reasonable party on inquiry as to the extent of the lien claimed by Fairfield. See Burque v. Naugatuck Lumber Co., 113 Conn. 350,353 (1931). Accordingly, a person reviewing the land records would conclude that a mechanic's lien might apply to all, but possibly not all of the properties on River road. A mere mistake in including more land than can be made subject to the lien will not void the lien. Tremonte v. Wilens, 89 Conn. 520, 526-527
(1915). In the present case, there is no basis for claims of fraud, intentional misdescription or an intent to avoid the provisions of the statute. In the present case there is simply an obvious mistake with sufficient information on the Land Records to place a title searcher on notice of the existence of lien.
Accordingly, under the circumstances of this case, the failure to attach the description of the properties to the Certificate of Mechanic's Lien does not invalidate the lien.
FMC also claims that it is the holder of the mortgage deed to the real property and under Connecticut law, it holds legal title and as the "owner" of the land, Fairfield was required to give FMC notice of the Mechanic's Lien under the provisions of General CT Page 5467 Statutes 49-34. FMC relies on Red Rooster Construction Co. v. Red River Associates, Inc., [7 CSCR 585] 4 Conn. L. Rptr. No. 10, 315, 318 (Jul. 22, 1991, Shaller, J.). The court declines to follow the Red Rooster case and holds that the "owner" as utilized in our statutes as being the person entitled to notice is the holder of the equity of redemption on the basis of the reasoning set forth in such cases as St. Lawrence Explosives of Connecticut v. Fairfield Resources, [7 CSCR 231] 5 Conn. L. Rptr. No. 14, 365 (January 20, 1992, Fuller, J.); Gilbane Building v. Stamford Towers, [7 CSCR 349] 6 Conn. L. Rptr. No. 365, (March 23, 1992, Dean, J.)
Accordingly, the court declines to invalidate the Mechanic's Lien on the basis that notice was not given to FMC and only given to Harbor Village and Rockwood.
FMC also claims that it is entitled, under the doctrine of equitable subrogation, to priority over the Mechanic's Lien because the funds loaned to Harbor Village by FCB (plaintiff's predecessor in interest) were utilized to pay off a loan to the Mechanic's and Farmers Bank ("MF"). FMC therefore claims that it is subrogated to the rights of MF with respect to a mortgage placed on the property by MF prior to the time that services were first provided under the Mechanic's Lien. FMC claims that it comes within the rule "that one who advances money to discharge a prior lien on real or personal property and takes a new mortgage as security, is entitled to be subrogated to the rights under the prior lien against the holder of an intervening lien of which he was ignorant." Homeowners' Loan Corp. v. Sear Roebuck Co.,123 Conn. 232, 237 (1937). The facts relevant to the claim of equitable subrogation are hereinafter stated.
On or about June 18, 1987, MF loaned the sum of $11,451,500 to Harbor Village which loan was secured by a mortgage. On or about December 29, 1988 FCB, the plaintiff's predecessor in interest, loaned the sum of $11,451,500 to Harbor Village enabling Harbor Village to pay off the MF loan and the MF mortgage was released on that date. (The first FCB loan). On the same date, (December 29, 1988), MF issued a letter of credit in the amount of $11,451,500 to FCB as security for the loan. The letter of credit itself was secured by a mortgage From Harbor Village to MF for the amount of the loan. At this time (December 29, 1988), FCB had no mortgage to secure its loan and its only security was in the form of the letter of credit from MF. On May 8, 1989, Harbor Village and Rockwood executed a promissory note to FCB for $21,500,000 and $11,451,500 was advanced, enabling Harbor Village to pay-off the first FCB loan. The second MF mortgage was released on May 8, 1989 and the letter of credit was to be returned to MF. FCB never called the letter of credit, and MF never paid any monies pursuant to the CT Page 5468 letter of credit. Also on May 8, 1989, to secure the FCB loan in the amount of $21,500,000 Harbor Village granted a mortgage to FCB which FMC now seeks to foreclose.
At the time that FCB loaned the sum of $11,451,500 to Harbor Village on December 29, 1988, FCB did not take a mortgage from Harbor Village as security for that loan. The sole security for the loan consisted of a letter of credit from MF which in turn, took a mortgage to secure any payments that might have to have been made pursuant to the letter of credit. It is therefore apparent that until May 8, 1989 when Harbor Village granted a mortgage to FCB, FCB was not looking to the property as security for its loan. Prior to that time, FCB was looking only to the credit issued by MF. Thus, FCB did not advance money to discharge a prior lien on the property, and did not take a new mortgage as security therefore, and is thus not entitled to equitable subrogation. Homeowners' Loan Corp. v. Sears Roebuck Co., supra.
FMC also claims that General Statutes 49-39 requires that a Mechanic's Lien shall not continue in force for a period longer than one year unless the party claiming the lien commences an action to foreclose it and "records a notice of lis pendens in evidence thereof on the land records." FMC then claims that while FCB was named as a defendant in Fairfield's foreclosure action, Fairfield did not name FCB as a party in the lis pendens thereby causing the Mechanic's Lien to be invalid. The lis pendens itself, contains the names of certain defendants and then adds thereto, on the caption, the phrase "ET AL."
Statutes requiring the filing of a notice of lis pendens "serve to alleviate the harsh result on third party transferees wrought by the common law by affording them the opportunity of notice of the litigation affecting property." Ravitch v. Stollman Poultry Farms, Inc., 162 Conn. 26, 34 (1971). To invalidate a mechanic's lien because of a failure to place the name of a defendant in the action on the caption of the case, instead of using the phrase, "ET AL." constitutes "splitting hairs for which no purpose has been advanced" and the court holds that such action does not invalidate the mechanic's lien. See Manaker v. Manaker, 11 Conn. App. 653,661 (1987).
Accordingly, the court determines that the mechanic's lien is not invalid and that it has priority over the mortgage of FMC.
Accordingly, a hearing will be held before the undersigned in Stamford on June 26, 1992 at 9:00 a.m. to determine matters relating to the request for a strict foreclosure. CT Page 5469