[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISCHARGE LIS PENDENS
When the plaintiff commenced this action in 1987, he claimed an interest in real estate of the defendant as part of his claims for relief, and filed a lis pendens against the property pursuant to section 52-325 of the General Statutes. The case was tried and the court (Geen, J.) entered judgment on all issues for the defendant on November 18, 1992. The CT Page 1786 defendant has now filed an application to discharge the lis pendens under section 52-325a of the General Statutes.
The defendant makes two claims:
(1) since the court determined after a trial that the payment of funds from the plaintiff to the defendant was a gift, and there was no requirement for the defendant to reimburse the plaintiff, that there is no probable cause for maintaining a lis pendens on the subject property (see section 52-325b of the General Statutes);
(2) the plaintiff's claim is for money damages and not an interest in real estate, which is a prerequisite for a lis pendens under section 52-325(a).
While one or both of these arguments might otherwise be persuasive, this court is faced with the fact that the judgment of November 18, 1992 has been appealed to the Appellate Court. Section 4046 of the Practice Book provides in part:
 In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceeding shall be stayed until the final determination of the cause. . . .
The claims in the plaintiff's complaint are not within any of the exceptions in section 4046. A stay of proceedings invariably causes some hardship to the successful party in litigation by postponing the immediate results of the victory in the trial court. Connolly v. Connolly, 191 Conn. 468,481. On the other hand, if the Appellate Court reverses the judgment of the trial court and the lis pendens is released in the interim, the plaintiff would have lost the benefits of the lis pendens filed at the commencement of the action. At common law, the equitable doctrine of lis pendens caused hardship to a purchaser without actual notice that the property was subject to litigation, and the purchaser was bound by the judgment or decree in the suit even if he had no notice of the proceeding; the policy behind this rule was that without it decrees of the court could be evaded and CT Page 1787 litigation extended by sales to third persons during litigation. Ravitch v. Stollman Poultry Farms, Inc.,162 Conn. 26, 33, 34. Under the common law rule, the lis pendens was continued until the action was concluded by a final decree in order to preserve the subject of the litigation to make it possible for the courts to execute their judgments and decrees. Id., 35. The enactment of section 52-325
requiring the filing of notice of a lis pendens prevented the harsh result on third party transferees by giving them notice of the litigation affecting the property, but the purpose of the lis pendens remains to preserve the property until a final judgment is rendered. Id., 34, 35.
Section 52-326 states that the provisions of sections52-322 and 52-324 (concerning attachments) shall apply to any lis pendens recorded according to the provisions of section52-325. Sections 52-322 and 52-324 both provide for discharge of an attachment when a final judgment has been rendered against the attaching party. However, since section 4046 of the Practice Book specifically provides that "proceedings to enforce or carry out the judgment shall be automatically stayed," and release of a lis pendens is in that category, this court should not act at this time under section 52-325a. While this may cause some hardship to the defendant, both of the claims now made in this application could have been made prior to the trial at any time since 1987, or the defendant can apply to terminate the stay under section 4046 of the Practice Book.
The application is denied.
Robert A. Fuller, Judge CT Page 1788